EDMOND MENARD *et al.*

*v.*

ALEXANDER HOOD *et al.*

| 68 | 121 |
|---|---|
| 51a | 132 |
| 68 | 121 |
| 62a | 300 |
| 68 | 121 |
| 65a | 617 |
| 68 | 121 |
| 100a | 1276 |
| 68 | 121 |
| 109a | 450 |

1. INJUNCTION—*office is to afford preventive, and not affirmative, redress.* In our practice, the writ of injunction is only called into use to afford preventive relief. It is never employed to give affirmative relief, or to correct wrongs and injuries already perpetrated, or to restore parties to rights of which they have been deprived.

2. Thus, where a bill was filed for an injunction to restrain county officers from issuing and delivering the bonds of a county to a railway corporation, and the proof clearly showed that they had been issued and delivered before the commencement of the suit, the bill was properly dismissed, as the court was powerless to grant the relief sought.

3. SAME—*remedy for disobedience to writ.* If the defendants, after proper notice of the issuing of a writ of injunction, or after service, proceed to perform the forbidden act, the proper course to pursue is, to proceed against them for a contempt, and, upon conviction, fine them for disobeying the process of the court, and if the circumstances require it, the punishment may be extended to imprisonment.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. THOMAS C. ALLEN, for the appellants.

Mr. R. M. DAVIS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by appellants and a large number of other tax payers of Randolph county, to restrain the county judge, his associates and the county clerk from issuing, and the Tamaroa Coal and Railroad Company from receiving, $100,000 of the bonds of the county. The bill proceeds upon the ground that those officers had no power to issue the bonds. The bill alleges that the law and the terms imposed by the order and notice of the election for the subscription were not complied with, and hence the want of power. The entire scope of the bill is to restrain them from being issued.

On the trial in the court below, it appeared, from the evidence, that the bonds were issued and delivered before the writ was issued or served. This we may regard as clearly the case, as it appears from the evidence, and is not contested. In such a case, we are at a loss to perceive how we can review the decree of the court below in dismissing the bill. In our practice the writ of injunction is only called into use to afford preventive relief. It is never employed to give affirmative relief, or to correct wrongs and injuries already perpetrated, or to restore parties to rights of which they have been deprived. In this case the act sought to be restrained had been done before the writ was issued, and to now grant an injunction restraining the bonds from issuing would be a useless act. It could not in the slightest degree benefit appellants, and would be in every sense useless and nugatory. Courts will never act unless there is something upon which the force of the law may act.

If the defendants, after proper notice that the writ had issued, or after service, had proceeded to perform the forbidden act, then the proper course would have been to proceed against them for a contempt, and, upon conviction, to have fined them for disobeying the process of the court, and if the circumstances required it, the punishment could have been extended to imprisonment. But the court would have been powerless to afford the relief of preventing the issue of the bonds, when they had already been issued and delivered.

The bonds having been issued, it is useless in this case to investigate the question of their validity. It is proper to consider that question only where a bill shall be filed to cancel the bonds or to restrain the collection of any tax that may be levied for the payment of interest accruing thereon, or where some other specific affirmative relief shall be sought.

The decree of the court below must be affirmed.

*Decree affirmed.*