JAMES CLARK *et al.*

*v.*

JAMES DONALDSON *et al.*

*Filed at Ottawa November 20, 1882.*

CHANCERY JURISDICTION—*bill to remove nuisance.*   A bill in chancery by property owners, seeking to have removed a building in a highway appurtenant and affording access to their property, and to enjoin the closing up of the highway, there being nothing about the building deleterious to the health of the complainants, or such as to render the use of their habitations uncomfortable or dangerous, it being simply inconvenient to have it occupy the street, shows no case for equitable relief.

APPEAL from the Circuit Court of La Salle county; the Hon. GEO. W. STIPP, Judge, presiding.

Mr. E. F. BULL, and Messrs. BLANCHARD & BLANCHARD, for the appellants.

Messrs. LELAND & LELAND, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case, in our opinion, must be controlled by *Dunning* v. *City of Aurora et al.* 40 Ill. 481.   Bill is filed by certain property owners, praying that a building in a highway appurtenant and affording access to their property be removed, and that the closing up of such highway be enjoined.   There

is nothing about the building itself deleterious to the health of the complainants, or that renders the use of their habitations uncomfortable or dangerous,—it is simply inconvenient to have it occupy the street. Nor do we understand the case, as respects the existence of the highway, to be one beyond doubt.

The court said, in the case referred to: "The building having been erected, a court of equity would not, unless in an extreme case, interfere to remove the building. If it were a powder mill or magazine erected by an individual in the populous part of a city, or adjoining to the complainant, or so near to him as to endanger the lives of himself and family, or the destruction of his property, before the question could be passed upon by a jury, it might probably be otherwise. But if it is only, as it is in this case, an inconvenience, no matter how great, a court of equity would have no right to interfere and abate the nuisance, at any rate before the question is settled at law." There is nothing decided in any of the cases referred to by counsel for appellee, inconsistent with this. See, also, High on Injunctions, (1st ed.) sec. 468. *Irwin* v. *Dixon*, 9 How. (U. S.) 6, is quite analogous in principle. Of like character are, also, *Lining* v. *Geddes*, 1 McCord's Ch. 304, and *Robeson* v. *Pittinger*, 1 Greene's Ch. 57.

The case not being one which, in our opinion, entitled the complainant to equitable relief, the decree must be reversed and the bill dismissed.

*Decree reversed.*