THE CITY OF ALMA V. HENRY LOEHR.

1. CITY BONDS; *Injunction, Not Granted.* A perpetual injunction will not be granted on the final trial against a city, to restrain its officers from issuing, selling and delivering its bonds in aid of local improvements, when there is an express finding by the trial court that said bonds had been issued, sold and delivered before service of a temporary restraining order issued at the commencement of the action.

2. INJUNCTION — *Function of Writ.* Under our procedure, the exclusive function of a writ of injunction is to afford only preventive relief; it is powerless to correct wrongs or injuries already committed.

*Error from Wabaunsee District Court.*

THE opinion states the facts. Judgment for plaintiff *Loehr*, at the November term, 1887. The defendant brings the case here.

*W. A. Doolittle,* for plaintiffs in error.

*J. T. Keagy,* for defendant in error.

Opinion by SIMPSON, C.: This action was commenced in the district court of Wabaunsee county, by the defendant in error, under article 7, chapter 36, Compiled Laws of 1885. The suit was to permanently restrain the officers of the city of Alma, a city of the third class, from executing, issuing and delivering certain bonds for general improvements, voted at an election held on the 18th day of July, 1887, alleging that said election was without authority of law, fraudulent, and void. A restraining order and a temporary injunction were both issued and served. The city officers answered, and with other defenses alleged that before the restraining order or the temporary injunction was served upon them, or any one of them, and before they had any notice of the issuance of the same, the said bonds had been executed, issued, sold, and delivered. At the trial, the court made special findings of fact, and among them is the following:

"That a temporary restraining order was granted in this

case by the court on the 22d day of July, 1887, and on the same day served upon the defendants, John F. Limerick, mayor, and Tom. E. Guest, clerk, of the city of Alma; and that a temporary injunction was granted on the 9th day of August, 1887, by the judge of this court at chambers, upon notice; that upon the trial of this cause the defendants, without objection on the part of the plaintiff, offered evidence tending to prove that before the said restraining order was served upon the mayor and clerk, they had executed, issued and delivered said bonds; and the court finds as a fact that the bonds voted at the election on the 18th day of July, 1887, were executed, issued, sold and delivered before the temporary restraining order was served upon the mayor and clerk."

The trial court also found as a conclusion of law, that the plaintiff below is entitled to a perpetual injunction to enjoin and restrain the defendants from executing, issuing or delivering the bonds voted at said election.   The only error assigned which needs comment is the judgment for a perpetual injunction, in the face of the finding that the bonds had been issued, sold and delivered before the service of the restraining order. The function of a writ of injunction is to afford preventive relief; it is powerless to correct wrongs or injuries already committed.   This is alphabetical law.   The injunction provided by our code of civil procedure "is a command to refrain from a particular act." (Sections 237, 238.)   Equity will not entertain a bill for an injunction to restrain the issuing of municipal bonds in aid of a subscription to a railway when the bonds have been actually issued and delivered to the company. (*Menard v. Hood*, 68 Ill. 121.)

It is recommended that the judgment of the district court be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concurring.