# JOHN H. MEYER

## v.

## THE VILLAGE OF TEUTOPOLIS.

*Filed at Mt. Vernon January 21, 1890.*

1. VACATING STREETS—*power of the legislature—and of municipalities.* The legislature, in the absence of special constitutional restrictions, by virtue of its plenary power, may vacate or discontinue streets or highways, or authorize municipal corporations to do so.

2. Under the authority conferred by paragraph 7, article 5, of the general law relating to cities and villages, the village board or city council may, without any judicial determination, constitutionally order the vacation of a street; and this power, when exercised with due regard to the right of individuals, will not be restrained at the suit of a property owner claiming that he is interested in keeping open the streets.

3. SAME—*matters affecting validity of vacation.* The validity of a proceeding vacating a street is not affected by the fact the land embraced in the street thereby becomes private property, nor by the fact that the vacation is made for the purpose of vesting the title to such land in adjoining proprietors. The motives actuating the board of trustees being immaterial, can not be shown in evidence in a proceeding to assess the damages to a property owner caused by the vacation.

4. JUDGMENT—*sufficiency—in a proceeding to assess damages from vacating a street.* In a proceeding to assess damages, growing out of the vacation of a public street, after motions in arrest of judgment and for a new trial were overruled, this entry appeared of record: "Judgment rendered upon the verdict of the jury:" *Held,* that the judgment as entered was fatally defective.

5. PRACTICE IN THE SUPREME COURT—*error after verdict—remanding for a proper judgment.* Where the judgment entered in the trial court is defective, but there is no error anterior to the verdict, and the verdict is sufficient to sustain a judgment, there is no occasion for a *venire de novo.* In such case, the judgment will be reversed, and the cause remanded with leave to move for a proper judgment on the verdict.*

---

* So in a criminal case, where the assignments of error in no way questioned the verdict, or any of the proceedings anterior to the verdict, but alleged merely that sentence was improperly pronounced in the absence of the prisoner, it was considered only necessary to reverse and set aside the proceedings back to the point where the error was committed, and remand the cause for a proper judgment. *Harris* v. *The People,* 130 Ill. 457.

APPEAL from the County Court of Effingham county; the Hon. S. F. GILMAN, Judge, presiding.

Messrs. WOOD BROS., for the appellant:

There is no distinction between the "taking" and "damaging" of private property for public use. *Rigney* v. *City of Chicago,* 102 Ill. 72; *Railroad Co.* v. *Ayres,* 106 id. 515.

Whenever it appears that the purpose for which property is sought to be damaged is private, it is the duty of the court to arrest the proceeding. *Railroad Co.* v. *Wiltse,* 116 Ill. 454.

It is essential that an effort be made to agree with owners on the compensation for property sought to be damaged. This should not only be alleged in the petition, but proven. Rev. Stat. (Starr & Curtis) chap. 47, sec. 2, p. 1042; *Reed* v. *Railway Co.* 126 Ill. 51.

Courts have the right to determine, not merely from the allegations of the petition, but by evidence, whether the use is public. *Railroad Co.* v. *Town of Lake,* 71 Ill. 336; *Railroad Co.* v. *Wiltse,* 116 id. 457.

The practice of raising the question of public use by motion, supported by affidavit, is fully recognized. *Railroad Co.* v. *Dix,* 109 Ill. 240.

The judgment, if it may be so called, is fatally defective— a bare recognition of the finding of the jury, without action of the court thereon. *Faulk* v. *Kellums,* 54 Ill. 191.

Messrs. RHINEHART & WRIGHT, for the appellee:

The action of the board in vacating the street is a legislative and discretionary action, and the motives or inducements which led it to pass the ordinance can not be inquired into by the judiciary. Cooley's Const. Lim. secs. 186, 187, 208, and cases there cited; Dillon on Mun. Corp. (3d ed.) 313-945; *Sherlock* v. *Village of Winnetka,* 59 Ill. 389.

No question of use can be raised in this proceeding, as the vacation of a street is not a taking or damaging of private

property for public use, as those terms are used in the constitution. So if a person is damaged by the vacation, his right to have damage assessed is not based upon the constitutional provision, but upon the provision of section 1, chapter 145, which provides, that when property is damaged thereby, the same shall be ascertained and paid as provided by law. But for that provision of the statute, the vacation would be *damnum absque injuria*. *East St. Louis* v. *O'Flynn*, 119 Ill. 200.

Mr. Justice Bailey delivered the opinion of the Court:

In this case, the president and board of trustees of the village of Teutopolis, in the county of Effingham, having passed an ordinance by the requisite majority and in the manner prescribed by chapter 145 of the Revised Statutes, vacating a certain portion of a street in said village, filed its petition in the County Court of said county, to have the damages to·persons whose property was damaged by the vacation of said street ascertained and assessed. Various property owners, including John H. Meyer the appellant, were duly served with summons, and appeared and entered their motion to dismiss the petition, alleging, among other things, that said street had been vacated at the instance and for the benefit of St. Joseph's College, a private corporation located in said village, and that said vacation was accordingly for a private and not for a public use, and was therefore unconstitutional and void. The respondents, in support of their motion, introduced evidence tending to show that said president and board of trustees passed said ordinance at the request of said college, it being then, as it appears, the owner of all or most of the property abutting on the portion of said street to be vacated, and that the purpose of said vacation was to benefit the property of said college. Said motion to dismiss was overruled, and a jury being impaneled to assess the respondents' damages, the same evidence as to the purpose for which the street

had been vacated was offered by them, but was excluded by the court. Said jury, thereupon, after hearing the evidence offered by the respective parties on the question of damages, and having visited and viewed the premises in question, rendered their verdict by which they awarded to each of the respondents his damages, the amount awarded to the appellant being $250. A motion by the respondents for a new trial, and also a motion in arrest of judgment, having been overruled, the court made the following entry: "Judgment rendered upon the verdict of the jury," and thereupon the appellant perfected his appeal to this court.

The village of Teutopolis is a municipal corporation organized under the general law in relation to cities and villages, and by paragraph 7, article 5, of that act, the president and board of trustees of said village are given authority to vacate streets within the village. The plenary power of the legislature over streets and highways is such that it may, in the absence of special constitutional restrictions, vacate or discontinue them, or invest municipal corporations with this authority. Without a judicial determination, a municipal corporation, under the authority conferred by its charter to "locate and establish streets and alleys, and to vacate the same," may constitutionally order a vacation of a street; and this power, when exercised with due regard to individual rights, will not be restrained at the instance of a property owner claiming that he is interested in keeping open the streets dedicated to the public. 2 Dillon on Municipal Corporations, sec. 666, and authorities cited in note.

Private rights, it is true, may be injuriously affected by the vacation of a street, and where that is the case, common justice would seem to dictate that compensation should be made to the parties injured; and it may perhaps be held that such compensation is required by the provisions of the Constitution. But whatever may be the source from which the right to damages springs, such right is fully protected by the pro-

visions of chapter 145 of the Revised Statutes, and the present proceedings, so far as the record shows, seem to be in conformity with those provisions.

Nor can it be said that the validity of the proceedings by which a street is vacated is at all affected by the fact that the land embraced within the street thereby becomes private property. Nor is it material whether private ownership results from the rule that, upon the discontinuance of an easement in a public highway, the freehold or soil reverts to the owner of the adjoining land, or that such ownership is acquired by subsequent conveyance from the municipality.

Nor does it seem material that the vacation is made with the view or intention of vesting the adjoining proprietors with the ownership of the land embraced within the street. That merely goes to the motive by which the act of vacation is performed, and in that, as in all legislative acts, the motives by which the legislative body is actuated are immaterial, and can not be inquired into. Cooley's Const. Lim. (5th ed.) 222; Dillon's Municipal Corporations, sec. 313. The County Court therefore properly refused to inquire into the reasons or motives upon which the president and board of trustees of the village in question acted in passing the ordinance vacating said street.

But the judgment which said court attempted to enter upon the verdict is fatally defective. The case, in this respect, is like *Faulk* v. *Kellums,* 54 Ill. 188. There being, however, no error anterior to the verdict, and the verdict being sufficient to sustain a judgment, there is no occasion for a *venire de novo,* but the judgment will be reversed and the cause will be remanded to the County Court, with leave to the appellee to move in that court for a proper judgment upon the verdict. *Martin* v. *Barnhardt,* 39 Ill. 9.

*Judgment reversed.*