## World's Columbian Exposition Co. v. Brennan.

1. CITY AND VILLAGES—*Control Over Streets.*—The control over the streets of a city to open, close or permit obstructions of them in the interest of the public, for whose use they exist, is, under certain regulations, in this State, vested in the city government.

2. CITY AND VILLAGES—*Vacating or Obstructing Streets—Special Damage.*—If the property owner sustain special damage by reason of the acts of the city authorities in vacating or obstructing a street, the statute provides a means by which such damage may be ascertained and he obtain compensation therefor.

World's Columbian Exposition Co. v. Brennan.

3. STREETS—*Rights of Abutting Owner.*—An owner has not a right to the perpetual maintenance of a street upon which his property abuts; although he may be entitled to recover damages because of the vacation of the street by the municipal authorities.

4. INJUNCTIONS—*Object of Interlocutory, etc.*—The sole object of an interlocutory injunction, is to preserve the subject in controversy in the condition it then is. It can not be used for the purpose of compelling the defendant to undo what he has already done.

5. INJUNCTIONS—*Appropriate Functions—Preventive Relief.*—The appropriate function of an injunction is to afford preventive relief, not to restore parties to that of which they have already been deprived.

**Memorandum.**—In chancery. In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Bill for injunction. Appeal from an order granting the same. Heard in this court at the March term, A. D. 1893, and reversed. Opinion filed March 18, 1893.

The opinion states the case.

APPELLANT'S BRIEF, WALKER & EDDY, ATTORNEYS.

The sole object of an interlocutory injunction is to preserve the subject in controversy in its then condition, and, without determining any question of right, merely to prevent the further perpetration of wrong, or the doing of any act whereby the right in controversy may be materially injured or endangered. It can not be used for the purpose of taking property out of the possession of one party and putting it into the possession of another, nor does it go to the extent of ordering defendant to undo what he has already done, since it might thereby be productive of as much injury to defendant as that of which the party aggrieved complains. The jurisdiction, therefore, being exercised to prevent the further continuance of injurious acts, rather than to undo what has already been done, on an interlocutory application for an injunction, courts of equity will only act prospectively, and will interpose only such restraint as may suffice to stop the mischief complained of and preserve matters *in statu quo.* High, Injunctions, Sec. 4; Murdock's Case, 2 Bland, 461; Bosley v. Susquehanna Canal, 3 Bland, 63; Farmers R. Co. v. Reno, O. C. & P. R. Co., 53 Pa. St. 224; Washington University v. Green, 1 Md.

Ch. 97; Audenried v. Philadelphia & R. R. Co., 68 Pa. St. 370; Blakemore v. Glamorganshire, etc., 1 Myl. & K. 154.

JAMES P. ROOT, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee filed in the Circuit Court a bill alleging that he is the lessee of fifty feet on the southeast corner of Stony Island avenue and 68th street, and has thereon commodious buildings, in which he carries on the saloon and restaurant business, and also rents to lodgers rooms above those in which his saloon and restaurant is situated; that for more than fifteen years last past, 68th street has been an open public highway, and that Stony Island avenue is one of the leading north and south public thoroughfares; that the greater portion of his business is derived from persons who pass along 68th street in front of his premises; that on the 23d of January, 1893, the common council of the city of Chicago passed an ordinance by which an attempt is made to close up 68th street, and prevent its enjoyment by him, the said complainant, and that thereupon the World's Columbian Exposition Company, proceeded to, and did obstruct said 68th street, by erecting across the same a tight board fence eight feet high, about twenty-four feet from his, complainant's, said premises; whereby his business has been greatly injured and his property greatly depreciated in value. The complainant therefore prayed that the city of Chicago and the World's Columbian Exposition Company be perpetually enjoined and restrained from further obstructing the said 68th street by the continuance of said fence or otherwise, and that they be commanded to remove said fence, to the end that 68th street shall be and remain an open and free public highway.

The Columbian Exposition Company answered the bill, admitting that it had temporarily closed up 68th street, as alleged; that the same was done in pursuance of an ordinance of the city of Chicago, whereby it, said Exposition

Company, was given leave, temporarily, to close up the said street, such closing being necessary for the proper carrying on of a great public enterprise in which it is engaged, and essential to the safety of the public.

Upon the coming in of the answer, the court entered an interlocutory order, enjoining the city of Chicago and the World's Columbian Exposition Company, until the further order of the court, from obstructing 68th street between Stony Island avenue and the waters of Lake Michigan, "with the fence now there, or any other illegal obstructions," and from preventing the use of 68th street by the general public.

The control over the streets of a city to open, close or permit obstructions of them in the interest of the public, for whose use they exist, is, under certain regulations, in this State, vested in the city government. Cairo & V. Ry. Co. v. People, 92 Ill. 170; Chicago and Union Bldg. Assn., 102 Ill. 379; Meyer v. Village of Teutopolis, 131 Ill. 552; Carney v. Marseilles, 136 Ill. 407.

If the property owner sustains special damage by reason of the acts of the city authorities in vacating or obstructing a street, the statute provides a means by which such damages may be ascertained, and he obtain compensation therefor. An owner has not a right to the perpetual maintenance of a street upon which his property abuts, although he may be entitled to recover damages because of the vacation of the street by the municipal authorities. Meyer v. Village of Teutopolis, *supra;* Dillon on Municipal Corporations, Sec. 666.

In the present case the obstruction complained of, it appears, is designed by all the defendants to be only of a temporary character, and such obstruction also appears, from a consideration of the bill, answer and affidavits presented to the court, to have been necessary to the safety of the public.

Without reference to what relief the complainant might have been entitled to on a final hearing, his bill presented no case for an interlocutory injunction. The obstruction complained of was already existing, and the court had no

power by an interlocutory order to compel its removal. The sole object of an interlocutory injunction, is to preserve the subject in controversy in the condition it then is; it can not be used for the purpose of compelling the defendant to undo what he has already done. High, Injunctions, Sec. 4; Murdock's Case, 2 Bland, 461; Bosley v. Susquehanna Canal, 3 Bland, 63; Farmers' R. Co. v. Reno, O. C. & P. R. Co., 63 Pa. St. 224; Washington University v. Green, 1 Md. Ch. 97; Audenried v. Philadelphia & R. R. Co., 68 Pa. St. 370; Blakemore v. Glamorganshire, etc., 1 Myl. & K. 154.

The appropriate function of an injunction is to afford preventive relief, not to restore parties to that of which they have already been deprived. High on Injunctions, Sec. 23; Wangelin v. Goe, 50 Ill. 459; 2 Story's Eq. Jurisprudence, Sec. 861; Dunning v. City of Aurora, 40 Ill. 481; Menard et al. v. Hood, 68 Ill. 121; Fisher v. Board of Trade, 80 Ill. 85; Baxter v. Board of Trade, 83 Ill. 146; Clark v. Donaldson, 104 Ill. 639; Atty. Genl. v. New Jersey R. R. Co., 2 Green's Ch. 136.

The order of the court below, enjoining the defendants, is reversed.