## Sol. L. Lowenthal v. New Music Hall Co.

1. Remedies—*When at Law and When in Equity.*—The law does not permit the determination of questions concerning the rights of persons in actual possession of real property under claim of legal right by a preliminary or interlocutory injunction, and to be dispossessed of the premises and others put into possession under a like claim of legal right. It does not admit of their determination by the equitable remedy of injunction.

2. Same—*Writs of Injunction Afford Preventive Relief Only.*—In our practice, the writ of injunction is called into use to afford preventive relief only. It is never employed to correct wrongs or injuries already perpetrated, or to restore parties to rights of which they have been deprived.

3. Injunctions—*Not to be Employed to Afford Affirmative Relief.*—Resort can not be had to the writ of injunction, either directly or indirectly, to obtain affirmative relief.

4. Interlocutory Injunction—*Sole Object and Purpose of.*—The sole object and purpose of an interlocutory or preliminary injunction is to preserve the subject of the controversy in its then condition, and such an injunction can not be used for the purpose of compelling the defendant to undo what he has already done.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Order reversed and injunction dissolved. Opinion filed February 21, 1902.

A. W. Pulver, James E. Munroe, Samuel F. Hawley and Wm. M. Johnson, attorneys for appellant.

Albert Hamilton, Jacob W. Loeb and Newman, Northrup & Levinson, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This appeal is from an interlocutory order of injunction granted at the suit of the appellee against the appellant.

The bill was answered, denying its material allegations, and affidavits on both sides were heard.

The effect of the injunction is mandatory—to put the appellee into possession of disputed premises; though in form it is preventive—to restrain the appellant from interfering with appellee in the taking of possession.

Lowenthal v. New Music Hall Co.

The facts may be summarized as follows :    The complainant, appellee, was in possession of the theater and running it, on and prior to March 9, 1901, under a lease from Clifford's Olympia Company.    There is a controversy as to the time when the rent for March was payable.    It is claimed on the side of appellee it was payable at the end of the month, and on the side of appellant it is insisted it was due on the first day of the month.    The lease was in writing, and by its terms the rent was payable on the first of the month, but appellee insists that by a valid verbal arrangement the rent was not payable until the last day of the month.    However the fact may ultimately prove to be, the lessor, the Olympia Company, not receiving the rent on the first of the month, claims to have served notice on the appellee that unless the rent was paid before midnight of March 9th the lease would be declared forfeited and possession taken by the Olympia Company, of the premises.    The rent was not paid, and the Olympia Company took possession about midnight of March 9th.    Some show of force was made by the Olympia Company at the time possession was taken, but no force was actually used, although the possession once made was continued to be held by a show of force that would doubtless have been utilized had it been needed.    Preliminary steps had been taken beforehand by the Olympia Company to secure another tenant for the theater in the person of appellant, and others associated with him, and a lease was immediately made to them, and they were installed in possession.

The bill was then filed by the appellee, and the circumstances surrounding the consummation of the transactions leading to the above result were relied upon as constituting sufficient fraud for the bill to rest upon, and for relief by way of injunction.    Conspiracy between the Olympia Company and persons acting as agents for appellee, amounting to fraud, was charged with relation to obtaining possession by the appellant, and the charge was supported by affidavits.

The case, then, is of a person or persons in actual possession of real premises under a claim of legal right, being, by

a preliminary or interlocutory injunction, dispossessed of the premises and others put into possession, under a like claim of legal right. In other words, it is the case of an attempt to try the right of possession of real property in equity.

The law provides methods for the trial of such questions, and does not admit of their determination by the equitable remedy of injunction.

It is said by our Supreme Court, in Menard v. Hood, 68 Ill. 121:

" In our practice the writ of injunction is only called into use to afford preventive relief. It is never employed to give affirmative relief, or to correct wrongs and injuries already perpetrated, or to restore parties to rights of which they have been deprived."

And this doctrine was approved in Baxter v. Board of Trade, 83 Ill. 146, where it is said:

"If a party has been excluded from the rights and privi-. leges of a corporation by the action of the corporation, he ought not to be restored until it has been determined that the act of expulsion by the corporation was illegal; and yet, if the remedy was by injunction, as is claimed here, the effect would be to restore the party in the first instance, even though he may have been legally expelled, and leave the determination of the legality of the act to be determined in the future. We do not understand resort can be had to the writ of injunction, either directly or indirectly, to obtain affirmative relief."

In Wangelin v. Goe, 50 Ill. 463, it was held: An injunction is a preventive remedy. It comes between the complainant and the injury he fears or seeks to avoid. If the injury be already done, the writ can have no operation, for it can not be applied correctively so as to remove it. That was held in a case where the owner of a mill, claiming to have been forcibly and illegally put out of possession, filed a bill for an injunction to restrain the defendants from interfering with his resuming possession, as is here done.

" The deed was done, and there remained nothing on which the writ of injunction could operate." The case of Fisher v. Board of Trade, 80 Ill. 85, is to the same effect, and what is there said in relation to the relief claimed be-

cause of irreparable injury resulting from loss of profits is applicable here. Other cases are to the same effect : Lake Shore & M. S. Ry. Co. v. Taylor, 134 Ill. 603; Commissioners of Highways v. Deboe, 43 Ill. App. 25; World's Columbian Exposition v. Brennan, 51 Ill. App. 128; Mead v. Cleland, 62 Ill. App. 294; Goff v. Eckert, 65 Ill. App. 616.

What is said by Mr. Justice Waterman in World's Columbian Exposition v. Brennan, *supra*, is particularly applicable to this case :

"Without reference to what relief the complainant might be entitled on a final hearing, his bill presented no case for an interlocutory injunction. The obstruction complained of was already existing, and the court had no power by an interlocutory order to compel its removal. The sole object of an interlocutory injunction is to preserve the subject in controversy in the condition it then is; it can not be used for the purpose of compelling the defendant to undo what he has already done."

The case of Lake Shore and M. S. Ry. Co. v. Taylor, *supra*, was one where a preliminary injunction to enjoin the doing of an act which had already been committed, was held to have been improvidently granted, and the person in whose favor the writ had issued, who, while under its protection and cover, had entered, torn down the fence, and included the land within her adjoining enclosure, was, under a cross-bill filed for that purpose, required to restore the other party to possession of the disputed strip by a writ of restitution, it being said that she must restore things to the same plight and condition, as nearly as possible, in which they were when the order upon her bill for the injunction was made.

No question is presented by the record that is not controlled by the one we have discussed. Everything relating to the charges of conspiracy by appellants with the agents of appellees, force and fraud, which are alleged in the bill, may be conceded, but the fact remains that the only substantive relief asked and given, lies in the taking possession of the theater from the appellants and conferring possession thereof upon appellee.

It may be that on a full hearing appellee will be able to establish the validity of the verbal change in the lease

whereby the rent became payable at the end of the month instead of the first of the month, and that it was by means of the alleged conspiracy, or otherwise, unlawfully dispossessed, and, as a consequence, obtain the ultimate relief prayed; but, under the authorities, appellee is not entitled to the relief by a preliminary or interlocutory injunction, such as was granted.

Arriving at this conclusion it becomes unnecessary for us to consider the motions relating to the supplemental transcripts. We think the order of August 21st must be treated as an interlocutory order, and is properly appealed from.

The order of injunction appealed from is reversed, and the injunction is dissolved.

Order reversed and the injunction dissolved.