## Mark G. Lewis et al. v. New Music Hall Co.

1.    WRIT OF ERROR—*Will Not Lie to Reverse a Decree Unless Final.*— Under section 68 of the practice act, an appeal can not be taken from a judgment or decree, nor will a writ of error lie to reverse a judgment or decree, unless the same is final.

2.    DECREES—*When Interlocutory.*—A decree giving a party possession of certain property, requiring him to give bond and security, is held, under the facts and circumstances of this case, to be interlocutory.

3.    SAME—*When Final.*—A judgment or decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it has already entered.

**Bill for Injunction.**—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.    Heard in this court at the October term, 1901.    Writ dismissed.    Opinion filed March 6, 1902.

ARTHUR W. PULVER, WM. M. JOHNSON and JAMES E. MUNROE, attorneys for plaintiffs in error.

JACOB W. LOEB, NEWMAN, NORTHRUP & LEVINSON and ARTHUR B. SCHAFFNER, attorneys for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Defendant in error filed a bill against Mark G. Lewis, Sol L. Lowenthal and others, defendants.    August 21, 1901, during the progress of the cause, an order was entered in the cause, to reverse which Mark G. Lewis, Louis M. Houseman and Clifford's Olympia Company sued out this writ of error.    Sol L. Lowenthal, assuming that the order was merely interlocutory, appealed from it under the statute (3 S. & C. Stat. 1896, p. 3171) allowing appeals from certain interlocutory orders, and his appeal has been heard

and decided by the Branch Appellate Court. Lowenthal v. New Music Hall Co., 100 Ill. App. 274. The contest between the parties is as to who was entitled to the possession of certain premises, which were used for theatrical purposes. The complainant claimed that it was so entitled under a certain lease, and the defendants claimed the contrary. The defendants were in possession of the premises when the bill was filed.

The bill prayed, among other things, for an injunction enjoining and restraining the defendants from interfering with it in re-taking possession of the premises and continuing therein, and from entering therein, and for a preliminary injunction, etc. Answers were filed to the bill, and March 22, 1901, an order granting a preliminary injunction was entered, substantially as prayed, on the complainant giving bond in the penalty of $15,000. April 9, 1901, on motion of the defendants, the preliminary injunction was dissolved, and it appearing that the complainant had, under the order of March 22, 1901, taken possession of the premises, it was ordered that the complainant yield up possession to Mark G. Lewis, one of the defendants, and that a writ of possession issue, etc.

May 24, 1901, the cause was referred to a master in chancery to take proofs and report the evidence, with his conclusions. July 27, 1901, on motion of the complainant, its time to close proofs was extended twenty-five days from that date. August 21, 1901, before the complainant's time to close proofs had expired, and before any report had been made by the master, the following order was entered :

" This day come the parties to this cause, and this cause coming on to be heard upon the motion of the complainant to vacate and set aside the order entered herein on the 9th day of April, 1901, granting a writ of restitution, and the complainant's further motion to re-instate the order entered herein on the 22d day of March, 1901, and the injunction issued thereunder, and the court being fully advised in the premises, and having heard the arguments of counsel, finds that the order entered herein on the 9th day of April, 1901, was inadvertently entered, and should be vacated and set aside, and that the order entered herein on March 22, 1901,

should be and remain in full force and effect, and that the injunction issued by virtue of said last mentioned order should be in full force and effect, and obeyed by all of the parties to this cause; and the court further finds that by virtue of the writ of restitution issued under the order of April 9, 1901, herein, the complainant was ousted from the possession of the premises described in the bill of complaint herein, and the defendants, or some of them, placed in possession thereof. Wherefore, it is ordered, adjudged and decreed that the order entered herein on the 9th day of April, 1901, be and the same hereby is in all respects vacated, set aside and held for naught; and it is further ordered that the order heretofore entered on the 22d day of March, 1901, be and the same is hereby re-instated, and in full force and effect, as of said 22d day of March, 1901, and that all of the parties to this cause in all respects obey and comply with said order entered herein on the 22d day of March, 1901; and it is further ordered that the certain writ of injunction issued herein on the 22d day of March, 1901, be and the same hereby is in full force and effect, and shall be obeyed by all of the parties to this cause; and it is further ordered that the injunction bond heretofore filed in this cause and approved by this court, shall be in full force and effect to the same extent as if said order herein on the 9th day of April, 1901, had never been entered; and it is further ordered that the complainant enter into further bond in the sum of $5,000, conditioned to pay all costs and damages awarded against the complainant herein, and in case the injunction herein be dissolved, and this without prejudice to the right of said defendants to apply hereafter for additional bond and sureties; and it is further ordered that a writ of assistance issue in accordance with the practice of this court, for the possession of the premises described in the bill of complaint herein as follows: Rooms 22, 23, 38, 39, 40 and 41 of the building known as 122 to 130 Washington street, in the city of Chicago, county of Cook and State of Illinois, used as a theater or music hall, and in connection therewith, said writ to be in favor of the complainant herein and against the defendants, and directed to the sheriff of Cook county, to execute."

In view of the conclusion at which we have arrived, we deem it unnecessary to state the pleadings more fully. The statute provides:

" Appeals from, and writs of error to, all circuit courts,

the Superior Court of Cook County and city courts, and from other courts from which such appeals and writs of error may be allowed by law, may be taken to the appellate courts from all final judgments, orders and decrees," etc.

By this statute an appeal can not be taken from a judgment or decree, nor will a writ of error lie to reverse a judgment or decree, unless the same is final. In this respect appeals and writs of error are alike. In Meyers v. Manny, 63 Ill. 211, the court say that a decree is final " which fixes and settles the rights of the parties." In C. & N. W. Ry. Co. v. City of Chicago, 148 Ill. 153, the court say :

" A judgment or decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered," citing cases.

We are not aware of any better or clearer definition of a final judgment or decree than that quoted *supra*, and tested by that definition, the order of August 21, 1901, is clearly not a final order. This is sufficiently illustrated by the record. It does not terminate the litigation between the parties on the merits, or at all. When it was entered, the cause was before the master on a previous reference; the time for closing complainant's proofs had not expired, and it remained for the master to take and report the proofs to the court, with his conclusions, before a hearing could be had on the merits.

If the order of August 21st should be affirmed, it is plain that it could not be truly said that the Superior Court would have nothing to do but to execute that order. If the Superior Court, on affirmance of the order, were to take no action except so far as necessary to oust the defendants from possession of the premises in question, and put the complainant in possession, this would be to permanently deprive the defendants of possession which they, by their pleading, claim to be rightful, without evidence or a hearing on the merits. In case the order should be affirmed, it would be the plain duty of the court to proceed with the cause to a final hearing on the merits.

Counsel for the defendants contend that the decree is

final and appealable, because it puts the complainant in possession, which is the ultimate object of the bill; because it is a hardship as to defendants, and because the injunction is mandatory, as they claim. In Farson v. Gorham, 117 Ill. 137, a party defendant to the bill was, by order of the court, put in possession of certain real property, which was the subject of the litigation, on his giving bond in the penalty of $5,000, from which order Farson et al. appealed, claiming that the order was final. The court, after quoting section 68 of the Practice Act, quoted *supra*, say :

" The original bill to foreclose the deed of trust or mortgage, which must, in the end, finally settle the rights of the parties as to the property involved, is still pending and undetermined in the Superior Court. There are various orders made by a Circuit Court, in the progress of a cause, which may, for the time, more or less affect the rights of the parties, from which no appeal will lie, nor can a writ of error be prosecuted to reverse such orders, for the reason that such orders are not final, within the meaning of the statute, but merely interlocutory. We regard the order in question of that character. When this case is heard on its merits, the order that has been entered may be vacated by the Superior Court in the final decree, and hence no necessity exists for reviewing that order until final decree is rendered in the cause. This court has often decided that a case can not be heard here by piecemeal. In Coates v. Cunningham, 80 Ill. 467, we held that a decree appointing a receiver is interlocutory, and a writ of error will not lie to reverse a decree removing a receiver, as was done by the decree here. It is true, the decree or order entered in this case gave the defendant in error the possession of the property, but that can not in any manner impair the rights of the complainant, as the defendant in error was required to give bond and security, and all moneys which may come into his hands under the order will be subject to the final decree which the court may ultimately render in the cause. When the original bill is heard on its merits, and a final decree rendered, which will definitely settle the rights of all the parties to the cause, it will then be ample time, if the decree is erroneous, for either party to appeal or sue out a writ of error. Then the entire record can be brought before the court for examination, and any error that may have intervened may be corrected."

We think this language strictly applicable to the present

case. A temporary change of possession from one party to the other, the party to whom such possession is given being required to give ample security, is no greater hardship to the opposite party than is the turning over the possession to a receiver appointed by the court, as is plainly intimated by the Supreme Court in the case cited. By the statute an appeal can not be taken, nor will a writ of error lie, unless the judgment or decree is final, and the writer of this opinion is unable to perceive how the mere fact of hardship to the appellant or plaintiff in error can in any way affect the question whether the judgment or decree is, or not, final. It is not necessary to pass on the question whether the order of August 21st is not mandatory, because this does not affect the question as to its finality, or the contrary. If the order of August 21st was final, then the previous order of March 22, 1901, was final; yet some of the defendants to the bill took an appeal from that order to this court, treating it as an interlocutory order granting an injunction, which appeal was dismissed, because not perfected as required by the statute allowing appeal from interlocutory orders granting injunctions, etc. The order of March 22d was treated as an interlocutory order by the court, by setting it aside by the order of April 9, 1901, which latter order was treated as interlocutory, by the court setting it aside, on motion of complainant, and reviving the order of March 22d.

Lowenthal, one of the defendants, appealed to this court from the order of August 21, 1901, as from an interlocutory order, and the Branch Appellate Court treated it as an interlocutory order and reversed it. Lowenthal v. New Music Hall Co., 100 Ill. App. 274. The question, therefore, in this case is merely one of costs. The order being interlocutory, the remedy of plaintiffs in error was by appeal under the statute allowing appeals from interlocutory orders granting injunctions (Chicago Steel Works v. Ill. Steel Co., 153 Ill. 9), and the writ of error will be dismissed. This conclusion renders it unnecessary to pass on certain motions, reserved till the hearing, to strike certain matters from the record. Writ of error dismissed.