WALCOTT *et al.* v. DENNES *et al.*

No. 907.   Opinion Filed July 11, 1911.

(116 Pac. 784.)

1.    SCHOOLS AND SCHOOL DISTRICTS—Bonds—Action to Cancel —Parties.   In a suit by resident taxpayers of a school district to have an election declared void and to cancel certain negotiable coupon bonds of the district issued pursuant to said election, the trial court did not err in refusing so to do; the purchaser of said bonds being a party in interest and not a party to the suit.

2.    SCHOOLS AND SCHOOL DISTRICTS—Erection of Schoolhouse —Injunction—Parties.   Where the directors of a school district have issued the negotiable coupon bonds of the district to provide for the cost of erecting a schoolhouse therein, and are proceeding to erect such schoolhouse according to their own plans and specifications and pursuant to a contract let by them, although said building is not such as the voters of the district in district meeting have agreed upon, as provided in Wilson's Rev. & Ann. St. 1903 of Okla. sec. 6184, the court did not err in refusing to enjoin said directors from building such schoolhouse only as said voters in a district meeting shall have agreed upon, it appearing that said contract had been let at the time said writ was invoked, and the contractor was not a party to the suit.

3.    INJUNCTION—Grounds—Preventive Relief.   Under our proced-

ure, the exclusive function of a writ of injunction is to afford only preventive relief; it is powerless to correct wrongs or injuries already committed.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by Arthur Walcott and others against J. H. Dennes and others, directors of school district. Judgment for defendants. Plaintiffs bring error. Affirmed.

*Thomas Norman,* for plaintiff in error.

*Potterf & Walker,* for defendants in error.

TURNER, C. J. On February 24, 1909, Arthur Walcott, G. W. McLaughlin, and G. W. Buckholts, resident taxpayers of school district No. 27, in Carter county, brought suit in equity in the district court of that county against J. H. Dennes, C. C. Rains, and F. J. Trimmer, the board of directors of said district; the object of the action being to have a certain election theretofore held in said district and certain negotiable coupon bonds issued by defendants pursuant thereto declared void, and the bonds canceled. Also to enjoin defendants from erecting the schoolhouse, to provide for the payment of which the bonds were issued, until after the voters of said district, in meeting assembled, had designated the site upon which to build it, and from building such schoolhouse only as said voters in like manner might agree upon, etc. From a judgment rendered and entered March 16, 1909, refusing to declare said election void and to cancel said bonds, but granting an injunction "restraining defendants from erecting and building a schoolhouse on" certain lands, "or elsewhere, until a site within one-half mile of the center of said district has been selected by a vote of the electors of said district, and on land to which a good and sufficient title has been acquired by said district should be granted," but refusing to enjoin them from building such schoolhouse only as the voters of the district in a district meeting shall have agreed upon, plaintiffs in error, plaintiffs below, bring the case here.

It is contended by plaintiffs in error that because the record

discloses that on November 14, 1908, the board of directors of said school district was composed of J. H. Dennes, clerk, J. A. Zelner, treasurer, and H. H. Jones, director; that on said day, pursuant to proper petition, they passed a resolution calling for an election to vote upon the proposition of issuing school bonds in the sum of $6,000, fixing the date of said election to be December 4, 1908; that on said date, as a result of said election duly held, said proposition was lost; that thereafter said Dennes, as clerk, refused to make minute of said election, but in fraud of plaintiffs' rights, and with the assent of the other members of the board, without further petition, by erasure, amended said resolution by inserting therein December 18th, as the date of holding another election upon the same proposition; that without further resolution of said board, and upon new notices posted by him, an election was held in said district, in which said proposition was carried and the bonds voted; that thereafter, without the knowledge or consent of said board, said bonds were afterwards sold at par and delivered by him to parties unknown, and that the moneys received therefor were placed to the credit of said district—that therefore the court erred in refusing to hold said election and bonds void and cancel said bonds, and order a return of the $6,000 received therefor as prayed. Not so, for many reasons; among others, that it appears from the record that the purchaser of said bonds took the same in good faith, before maturity, and without notice of defects, if any there were, concerning which we express no opinion. Being such, it seems he obtained a perfect title thereto as against the world. Simons on Municipal Bonds, 116. For that, and for the further reason that neither he nor his bonds are before the court, there was no error in refusing to enter a judgment purporting to affect his rights. 18 En. Pl. & Pr. p. 798. Furthermore, the record discloses that, although plaintiffs were aware of the alleged fraud and illegality, they lay by until some six weeks after the bonds were issued and sold and the proceeds covered in the treasury. At any time before said bonds were delivered, a preliminary injunction could have been secured by plaintiffs, forbidding the

·directors from issuing the bonds, and any proposed purchaser from receiving them, until the validity of the proceedings upon which they were based could have been determined. Their fail-ure so to do was on the face of their petition gross laches. Such being. the case, plaintiffs are in no position to invoke the inter-position of a court of equity with reference to them. *Town of Orleans v. Platt,* 99 U. S. 404, 25 L. Ed. 404. Speaking to this point Harris, on Municipal Bonds, p. 282, says:

"The issuance of bonds for a legal purpose will also be re-strained by the courts when the requirements of the law are not being substantially complied with in proceedings preliminary to, and in their issuance. * * * Persons who are interested as taxpayers, and who would be prejudiced by any such improper issuance of negotiable bonds by the corporate officers, their agents, who fail to protect their rights and interests in the way sug-gested, have little cause to complain of the rule that protects the *bona fide* holder of bonds so issued, and compels them (the tax-payers) to contribute to their payment."

As the record discloses that said directors were preparing to build the schoolhouse upon a site and according to plans and. specifications upon which, at a district meeting, the voters of that district had had no opportunity to agree, and, further, that the contract therefor had been let, the court did not err in re-fusing to restrain said directors from building such schoolhouse only as the voters of the district, in a district meeting, should thereafter agree upon. This for the reason that, although Wil-son's St. Okla. § 6184, provides: "The district (board) shall purchase or lease such a site for a schoolhouse as shall have been designated by the voters ·of a district meeting, in the corporate name thereof and shall build, hire or purchase such schoolhouse as the voters of the district in a district meeting shall have agreed upon, out of the funds provided for that purpose, and make sale of any schoolhouse site or other property of the district, and, if necessary, execute a conveyance of the same in the name of their office, when lawfully directed by the voters of such district, at any regular or special meeting and shall carry into effect all lawful orders of the district," at the time the writ was invoked, the matter, by the letting of the contract, was beyond the con-

trol of the directors, and Erickson, the contractor, was not before the court. As stated in the syllabus, in *City of Alma v. Loehr*, 42 Kan. 368, 22 Pac. 616:

"Under our procedure, the exclusive function of a writ of injunction is to afford only preventive relief; it is powerless to correct wrongs or injuries already committed."

Finding no error in the record, the judgment of the trial court is affirmed.

All the Justices concur.