## CROSS v. CITY OF LAWTON *et al.*

*No.* 2844.    Opinion Filed December 5, 1911.

(119 Pac. 625.)

**INJUNCTION—Injury Already Committed.** Where, in an action for an injunction to prevent a city council from entering into a contract, it is made to appear that prior to the issuance and service of the writ and without notice thereof the contract had been duly executed, the judgment of the trial court denying the injunction will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*

*J. T. Johnson, Judge.*

Action by S. M. Cross against the City of Lawton and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Hudson & Whalin,* for plaintiff in error.

*Charles C. Black,* for defendant in error City of Lawton.

DUNN, J.   This case presents error from the district court of Comanche county, and was brought in that court to secure an injunction against the city of Lawton, the mayor, and the city council thereof, preventing them and each of them from entering into a contract with Charles H. Shaw for the paving, curbing, and guttering of any of the streets or avenues of the said city.  The evidence discloses that the contract, the execution of which it was sought to restrain, was entered into on the 17th day of April, 1911, at 5:45 p. m. before the writ of injunction or any restraining order was issued and without any knowledge of the same, and that the restraining order issued was not served until after the contract had been executed and entered into, and at 8 o'clock p. m. of the same day.  On the trial of the cause the court refused the injunction, and the plain-

tiff, after denial of the motion for a new trial, has duly lodged the cause in this court for review.

It is insisted by counsel for defendants in error that, as the only relief prayed for was an injunction restraining the execution of the contract, and as the same had been entered into and executed prior to notice or service of any writ of injunction, the judgment of the trial court should be sustained. Section 5755, Comp. Laws 1909, provides:

"The injunction provided by this Code is a command to refrain from a particular act."

The statute is identical with the Kansas statute, and the question presented in this case was considered by the Supreme Court of that state in the case of *City of Alma v. Loehr,* 42 Kan. 368, 22 Pac. 424. That case was an action brought to restrain the officers of the city of Alma from executing, issuing, and delivering certain bonds for certain improvements voted at an election which it was alleged was held without authority of law, and was fraudulent and void. A restraining order and a temporary injunction were both issued and served. The officers answered, and with other defenses alleged that before the restraining order or the temporary injunction was served upon them, or any of them, and before they had any notice of the issuance of the same, the bonds had been executed, issued, sold, and delivered. The court in consideration of this defense said:

"The function of a writ of injunction is to afford preventive relief. It is powerless to correct wrongs or injuries already committed. This is alphabetical law. The injunction provided by our Code of Civil Procedure 'is a command to refrain from a particular act.' Sections 237, 238. Equity will not entertain a bill for an injunction to restrain the issuing of municipal bonds in aid of a subscription to a railway when the bonds have been actually issued and delivered to the company."

This case was later followed by the Court of Appeals of the state of Kansas in the case of *McCurdy et al. v. City of Lawrence et al.,* 57 Pac. 1057. And the same doctrine was announced by the Supreme Court of Illinois in a similar case (*Menard et al. v. Hood et al.* 68 Ill. 121). See, also, 1 Joyce on Injunctions, secs. 41, 41a; 2 Joyce on Injunctions, sec. 1282.

The judgment of the trial court is accordingly affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., not participating.