**O. M. Steffenson, Appellee, v. Harry Bostrom, Guardian, Appellant.**

**Gen. No. 17,976.**

1. GUARDIAN AND WARD—*personal judgment against guardian.* In an action against defendant as guardian of the estate of a minor, his daughter, for medical services rendered to the daughter, a personal judgment against defendant is not erroneous.

2. JUDGMENTS—*when judgment order is erroneous.* Where a personal judgment is rendered against defendant, a guardian, an order that it "be paid in due course of administration" is erroneous.

3. APPEALS AND ERRORS—*when error does not necessitate new trial.* Where no error intervened up to and including the over-

ruling of defendant's motion for new trial, and an erroneous direction is included in the judgment order, the judgment is reversed and remanded with directions to enter judgment in the usual form, each party to pay his own costs in the court of review.

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded with directions. Opinion filed April 3, 1913.

O. C. PETERSON, for appellant.

CAMERON & MATSON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court of Cook county for $135, rendered February 25, 1911, in favor of O. M. Steffenson, a physician, plaintiff, against Harry Bostrom, defendant. The judgment order directed the judgment "to be paid in due course of administration." The cause was tried before the court without a jury.

It appears from the transcript of the record that the suit was originally commenced before a justice of the peace of Cook county, and on November 9, 1906, plaintiff recovered a judgment before said justice against "Harry Bostrom, guardian of the estate of Ruth Bostrom" for $150; that an appeal was taken to said Superior Court, where a trial was had on June 5, 1908, before the court without a jury, resulting in a finding in favor of plaintiff for the sum of $55; that on motion of plaintiff and consent of defendant, said finding was set aside and a new trial awarded. The second trial resulted in the judgment from which this appeal is taken.

It further appears that the suit is for two so-called "sets of medical services," the first, rendered by plaintiff to defendant's minor daughter, Ruth Bostrom, in the presence of her mother in 1902, and one visit in

1905; the other, rendered by plaintiff in 1906, in connection with the preparation for trial, which trial soon thereafter occurred, of the case of Ruth Bostrom, by her next friend, Harry Bostrom, against the Union Traction Company, to recover damages for personal injuries sustained by said daughter.

The evidence as to what services were rendered, and as to whether or not the defendant expressly or impliedly agreed to pay plaintiff for the same, is very conflicting, but, after a careful review of the testimony, we are of the opinion that the finding of the court is not manifestly against the weight of the evidence, as contended by defendant's counsel.

Counsel further contends that as the suit was against the defendant, described as "guardian of the estate of Ruth Bostrom, minor," the judgment against him personally is erroneous. Under the facts of this case, and under the law, we cannot agree with the contention. Sperry v. Fanning, 80 Ill. 371, 375; Kingsbury v. Powers, 131 Ill. 182; Johnson v. Leman, 131 Ill. 609; Bradner Smith & Co. v. Williams, 178 Ill. 420, 425.

Counsel further contends that the judgment order, because of the direction "to be paid in due course of administration," is erroneous, and that the judgment should be reversed and a new trial had. We are of the opinion that this error will necessitate a reversal of the judgment, but as no error had intervened up to and including the overruling of defendant's motion for a new trial, no occasion exists for awarding a *venire facias de novo*. In accordance with the decisions of McNulta v. Ensch, 134 Ill. 46, 56; Storing v. Onley, 44 Ill. 123; Meyer v. Village of Teutopolis, 131 Ill. 552, the judgment will be reversed, and the cause remanded to the Superior Court with instructions to enter judgment in the usual form, upon the finding of the court, against the defendant, Harry Bostrom, personally, each party to pay his own costs in this court.

*Reversed and remanded with directions.*