A. L. STEVENS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*keeping gaming house.* When, at the time of the arrest of one as the keeper of a common gaming house, there were found seven or eight persons in an upper room in the act of playing faro, and the proof showed that the premises were furnished as a common gaming

house: *Held,* that the testimony was sufficient to warrant the finding, that the room was, at the time of the arrest, fitted up, furnished and then being used and kept as a common gaming house.

2.  To warrant the conviction of one as the keeper of a common gaming house, it is not necessary that he should have been the proprietor or lessee thereof, or directly interested in the profits of the business or house. If he had the general superintendence or charge, though simply an employee of the house, he may be regarded as the keeper, or as so aiding and abetting in the commission of the offense of keeping the house as to justify his conviction for the offense.

3.  SAME—*aiding and abetting in misdemeanors.* All persons who aid, abet, or assist in the commission of a misdemeanor, are guilty as principals.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. JOHN LYLE KING, for the plaintiff in error

Mr. CHARLES H. REED, State's Attorney, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment for keeping a common gaming house, framed under the first section of the act of Feb. 29, 1872, Laws of 1872, p. 462, upon which the plaintiff in error was convicted in the criminal court of Cook county.

The court below gave this instruction, on behalf of the people:

"The court instructs the jury, that this is an indictment for keeping a common gaming house. If the jury believe, from the evidence, beyond a reasonable doubt, that the room in question was a common gaming house, as charged in the indictment, and that the defendant was present, and in any way or manner aided, or abetted, or assisted in keeping, operating and running such gaming room, as charged in the indictment, then the jury should find the defendant guilty, although he was not the actual owner or proprietor thereof."

And refused to give these instructions, asked by the defendant:

"If the jury believe, from the evidence, the defendant was not an owner, proprietor, or interested in the profits of the business or house, but was merely there, if at all, as an employee or servant, engaged for the occasion at wages or gratuitously, with the profits, if any, or proceeds of the game belonging to other parties as owner, the defendant is not a keeper within the meaning of the law, and defendant ought to be acquitted."

"The keeper of a gaming house, within the meaning of the law, is one who is owner, lessee, proprietor, or directly interested in the business and its profits, as distinguished from servants or employees, and has control or voice in the management of the business."

To which the defendant excepted.

As grounds for the reversal of the judgment, it is urged, that the evidence was insufficient to show that the place in question was a common gaming house, and that if it were such, defendant below was not the keeper of it, and that there was error in giving and refusing instructions:

The evidence shows, that, on the night of February 5, 1873, the plaintiff in error was arrested in an upper room at No. 183 Madison street, Chicago, with seven or eight other persons, who were in the act of playing faro.

The witnesses appear to have been acquainted with the usual furnishing of houses of this description, and they testified, that the premises in question were furnished as a common gaming house, describing, in detail, the particulars in such respect. The evidence shows more than a mere assemblage of seven or eight persons and the playing of a game of faro.

There was sufficient testimony to warrant the finding, that the room in question was, at the time of the arrest, fitted up,

furnished, and then being used and kept as a common gaming house.

Was the plaintiff in error the keeper of it? He appeared, from the evidence, to be the one in charge of the room, and, in our judgment, the evidence fully justified the jury in finding that he had the superintendence and charge of the same.

A stipulation in writing, by the State's Attorney, was introduced as evidence, on behalf of the defendant, that "Henry (reputed to be a gambler) would testify, if present, that said A. L. Stevens was, and is not owner or proprietor of the house in question, or interested in the profits of the same, as profits, but at the time of the arrest was only engaged in dealing the cards."

All persons who aid, abet or assist in the commission of a misdemeanor, are guilty as principals.

A landlord who demises premises to be kept for the purposes of prostitution, and which are so kept with his knowledge, especially when he derives a profit from that mode of using the property, may well be called the keeper of a common bawdy house, and may be indicted and punished as such; and the lessee may be joined with the lessor in the indictment. *The People* v. *Erwin*, 4 Denio, 129.

So, where the defendant, as head clerk or agent for another, has the general management and supervision of a store in which spirituous liquors are sold by a subordinate clerk, whom the defendant had a right to control, it was held that he might be convicted as a retailer of spirituous liquors, although he did not carry on the business on his own account, but for an absent principal. *State* v. *Dow*, 21 Vt. 484.

One of the definitions which Webster gives of "keeper," is "one who has the care, custody or superintendence of anything."

The instructions refused declare the doctrine, that to warrant the conviction of the defendant as the keeper of a common gaming house, he must have been the proprietor or

lessee thereof, or directly interested in the profits of the business or house, and that it would not be sufficient that he was merely an employee.

We can not admit, as contended by counsel for plaintiff in error, that the word keeper necessarily implies either ownership, or the right to participate in the profits of the thing kept.

In consonance with the principle of the authorities cited, and agreeably to the definition of the term keeper, as given by lexicographers, we are of opinion, that if the defendant had the general superintendence and charge, though but as an employee of the gaming house in question and of the gaming there carried on, he might be regarded as the keeper of the house, or, at least, that he so efficiently aided and abetted in the commission of the offense of keeping the house, that he might be rightly convicted of such offense. Such a construction, we think, does no violence to language. Under the opposite construction contended for, the proprietors of gaming houses might live in another State, or be unknown, and these places of resort for gaming purposes be maintained and kept up in our midst, through the agency of others, with impunity.

As applicable to the facts of the case, we regard the instruction given as substantially correct, and those refused as properly denied.

The judgment must be affirmed.

*Judgment affirmed.*