# CASES

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—DECEMBER TERM, 1891.

### ROBERT GREEN

### v.

### W. W. GOFF.

*Way—Obstruction to—Gate.*

1. In the case of the conveyance of land which transfers the fee and reserves a right of way merely, the grantee acquires the fee subject only to the easement, and has the right to the use of the land for all purposes not inconsistent with the reasonable enjoyment of the easement. The only limitations upon the right of the grantee are such as are necessary to the proper use of the right of way; nothing which is not expressly reserved will be regarded as an incident to the reservation except that which is necessary for such reasonable enjoyment and use.

2. The erection of gates or bars at the termini of a private way is not an unreasonable interference with the use of the way.

3. When such right arises from reservation in a deed and not from prescription, the manner of use as determining the nature of prescriptive rights has no application.

4. In the case presented, this court holds that the erection of a gate across a certain right of way was not an unlawful interference therewith.

[Opinion filed May 20, 1892.]

IN ERROR to the Circuit Court of McHenry County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. BOTSFORD & WAYNE, for plaintiff in error.

Messrs. A. B. COON and C. P. BARNES, for defendant in error.

CARTWRIGHT, J. Robert Green, plaintiff in error, filed a bill to restrain W. W. Goff, defendant in error, from erecting gates or bars upon, or otherwise obstructing, a right of way owned by plaintiff in error.

A preliminary injunction was granted, which, upon final hearing, was dissolved and the bill was dismissed. The facts, as shown by the pleadings and proofs, and conceded on both sides, are briefly as follows: On and before October 16, 1849, Robert Green was the owner of a tract of land, on the north line of which there was a pond of water, easterly from and near to a highway running through the tract; his house and buildings were located about forty rods south-westerly from the pond, and south of another highway, and he used the water from the pond for stock and household purposes. The lands were open and uninclosed, and stock went to and from the water by the most direct route from his barn. On said day he conveyed the east part of the tract, being the part on which the water was located, to Richard Lewis, and in the deed was contained this clause: "The party of the first part shall retain the right of way to the stock water adjacent to John Brink's land; also to the wood lot and to the spring in the east part of said wood lot in No. 11; and the party of the first part does grant to the party of the second part the right of way to the wood lot hereby conveyed across his wood lot that he retains." After such conveyance, the land remained uninclosed in the vicinity of the pond, and plaintiff in error used the same way to and from the pond as before, his stock traveling over a strip a few rods wide, until through successive conveyances the tract deeded to Lewis had come in 1883 to the ownership of W. W. Goff, the defendant in error, subject to the above reservation of right of way. 

Goff desired to inclose his lands for agricultural uses,

and erected a fence around the premises, and placed a gate across this way so as to necessitate the opening and shutting of the gate, in the use of the way. An open space was left at the north line of the tract to the pond, but that is not claimed to fulfill the conditions of the reservation.

No complaint is made, so far as the right of way to the wood lot is concerned, and the reservation contained in the deed in that respect is not involved in this appeal.

It is admitted that plaintiff in error is entitled to the right of way according to the reservation in the deed, and the sole question in the case is whether the gate put in as above stated across the way at or near the highway was an unlawful interference with such right of way.

In the case of a conveyance of land which transfers the fee and reserves a right of way merely, the grantee acquires the fee subject only to the easement, and has the right to the use of the land for all purposes not inconsistent with the reasonable enjoyment of the easement. The only limitations upon the right of the grantee are such as are necessary to the proper use of the right of way; nothing which is not expressly reserved will be regarded as an incident to the reservation except that which is necessary for such reasonable enjoyment and use. In this case the reservation did not expressly provide for an open road, so that the right to such a road was not acquired by the express terms of the reservation. The reservation itself did not imply that the owner of the servient estate might not erect the gate complained of, if such gate would not unreasonably interfere with the use of the way. The right of way intersected a public highway, and it is not to be presumed under such reservation that it was intended that the grantee should open the premises to the public and surrender important and valuable rights of use and control of the land conveyed to him by the deed, so that it would be entirely valueless to him. It has been very uniformly held that the erection of gates or bars at the termini of a private way is not an unreasonable interference with the use of the way. Maxwell v. McAtee, 9 B. Mon. 20; Whaley v. Jarrett, 69 Wis. 613;

Short v. Devine, 146 Mass. 119. This is regarded as a rea-
sonable rule in view of the great advantage to the owner of
the fee and the slight inconvenience to the owner of the
way on account of the erection of such gates or bars. It
seems clear that defendant in error had the right to
erect and maintain the gate in question as a legitimate
exercise of his right as the owner of the fee, unless
some fact or circumstance outside of the terms of the
grant has changed the rights of the parties. Counsel
for plaintiff in error concede this to be the law in general,
but insist that the language of the reservation, when taken
in connection with the circumstances existing at the time,
determines the nature of the easement to be that of an open
right of way without gates, and that the conduct of the
parties and the manner of use since the grant have impressed
upon it that character. Emphasis is placed upon the fact
that the language used was " the right of way to the stock
water," and it is said this meant the definite right of way
then in use. There was, prior to the conveyance, no right
of way to the stock water; Green owned the fee and not
an easement; and the language could not be referred to a
pre-existing right of way of any particular kind. If it can
be said that the language referred to the particular route
then used, there has been no substantial change of route and
no unwarranted interference with the way in that regard.

The claim concerning use is that the fact of there being
no gate across the right of way during a long term of years,
while the lands were uninclosed, fixed the character of the
way as an open one without such gates. It is to be observed
that the rights of the parties arise from the reservation, and
not through prescription, and that the manner of use as
determining the nature of prescriptive rights, has no appli-
cation. The conduct of the owner of the fee in not putting
a gate across the way while the lands were not inclosed,
and when such gate would have been a useless act and an
unnecessary and unreasonable obstruction of the right of
way, was not inconsistent with the conduct of such owner
in putting the gate there when he inclosed his lands; nor did

it tend to show his intention that the reservation should prevent him from putting the gate there when he should make such inclosure of his lands for agricultural purposes, and when such gate would become necessary and proper. The gate is substantially on the line of user, the deviation being slight and only so much as was occasioned by the track being gullied out by water at the intersection of the highway, and, as a matter of fact, defendant in error has not materially interfered with the use of the way for the purposes of plaintiff in error. The decree will be affirmed.

*Decree affirmed.*