ROBERT GREEN

v.

W. W. GOFF.

*Filed at Ottawa October 29, 1894.*

1. APPEAL—*from decree dismissing bill to enjoin obstruction of easement.* While a decree dismissing a bill to enjoin the obstruction of an easement does not involve a freehold, it is within the residuary clause of section 8 of the Appellate Court act, giving the Supreme Court jurisdiction to review final judgment of that court "in all other cases."

2. EASEMENT—*owner of fee may put gates across private way.* The grantor of the fee of unenclosed land, who reserved an easement of "the right of way to the stock water" across said land, cannot enjoin the owner from putting gates across such way when he fences, that not being an unreasonable interference with the enjoyment of the easement reserved.

3. SAME—*effect of user in locating unassigned easement.* While long user, acquiesced in by the owner of the fee, may operate as an assignment of an undefined right of way reserved in a deed of unfenced lands, such user does not establish the right to an open road, unobstructed by gates, when the land is at length fenced.

*Green* v. *Goff,* 44 Ill. App. 589, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of McHenry county; the Hon. CHARLES KELLUM, Judge, presiding.

Upon writ of error herein to the Appellate Court for the Second District, the decree of the circuit court of McHenry county was affirmed and the following opinion filed:

CARTWRIGHT, J.: "Robert Green, plaintiff in error, filed a bill to restrain W. W. Goff, defendant in error, from erecting gates or bars upon or otherwise obstructing a right of way owned by plaintiff in error. A preliminary injunction was granted, which, upon final hearing, was dissolved and the bill was dismissed.

"The facts, as shown by the pleadings and proofs, and conceded on both sides, are briefly as follows: On and before October 16, 1849, Robert Green was the owner of a tract of land, on the north line of which there was a pond of water, easterly from and near to a highway running through the tract. His house and buildings were located about forty rods south-westerly from the pond and south of another highway, and he used the water from the pond for stock and household purposes. The lands were open and unenclosed, and stock went to and from the water by the most direct route from his barn. On said day he conveyed the east part of the tract, being the part on which the water was located, to Richard Lewis, and in the deed was contained this clause: 'The party of the first part shall retain the right of way to the stock water adjacent to John Brink's land; also to the wood lot, and to the spring in the east part of said wood lot, in No. 11; and the party of the first does grant to the party of the second part the right of way to the wood lot hereby conveyed, across his wood lot that he retains.' After such conveyance the land remained unenclosed in the vicinity of the pond, and plaintiff in error used the same way to and from the pond as before, his stock traveling over a strip a few rods wide, until, through successive conveyances, the tract deeded to Lewis had come, in 1883, to the ownership of W. W. Goff, the defendant in error, subject to the above reservation of right of way. Goff desired to enclose his lands for agricultural uses, and erected a fence around the premises, and placed a gate across this way, so as to necessitate the opening and shutting of the gate in use of the way. An open space was left at the north line of the tract to the pond, but that is not claimed to fulfill the conditions of the reservation.

"No complaint is made so far as the right of way to the wood lot is concerned, and the reservation contained in the deed in that respect is not involved in this appeal.

It is admitted that plaintiff in error is entitled to the right of way according to the reservation in the deed, and the sole question in the case is, whether the gate put in as above stated, across the way at or near the highway, was an unlawful interference with such right of way.

"In the case of a conveyance of land which transfers the fee and reserves a right of way merely, the grantee acquires the fee subject only to the easement, and has the right to the use of the land for all purposes not inconsistent with the reasonable enjoyment of the easement. The only limitations upon the right of the grantee are such as are necessary to the proper use of the right of way. Nothing which is not expressly reserved will be regarded as an incident to the reservation, except that which is necessary for such reasonable enjoyment and use. In this case the reservation did not expressly provide for an open road, so that the right to such a road was not acquired by the express terms of the reservation. The reservation itself did not imply that the owner of the servient estate might not erect the gate complained of, if such gate would not unreasonably interfere with the use of the way. The right of way intersected a public highway, and it is not to be presumed, under such reservation, that it was intended that the grantee should open the premises to the public and surrender important and valuable rights of use and control of the land conveyed to him by the deed, so that it would be entirely valueless to him. It has been uniformly held that the erection of gates or bars at the termini of a private way is not an unreasonable interference with the use of the way. (*Maxwell* v. *McAtee*, 9 B. Mon. 20; *Whaley* v. *Jarrett*, 69 Wis. 613; *Short* v. *Devine*, 146 Mass. 119.) This is regarded as a reasonable rule, in view of the great advantage to the owner of the fee, and the slight inconvenience to the owner of the way on account of the erection of such gates or bars.

"It seems clear that the defendant in error had the right to erect and maintain the gate in question as a legitimate exercise of his right as the owner of the fee, unless some fact or circumstance outside of the terms of the grant has changed the rights of the parties. Counsel for plaintiff in error concede this to be the law in general, but insist that the language of the reservation, when taken in connection with the circumstances existing at the time, determines the nature of the easement to be that of an open right of way without gates, and that the conduct of the parties, and the manner of use since the grant, have impressed upon it that character. Emphasis is placed upon the fact that the language used was, 'the right of way to the stock water,' and it is said this meant the definite right of way then in use. There was, prior to the conveyance, no right of way to the stock water. Green owned the fee, and not an easement, and the language could not be referred to a pre-existing right of way of any particular kind. If it can be said that the language referred to the particular route then used, there has been no substantial change of route, and no unwarranted interference with the way in that regard.

"The claim concerning use is, that the fact of there being no gate across the right of way during a long term of years, while the lands were unenclosed, fixed the character of the way as an open one, without such gates. It is to be observed that the rights of the parties arise from the reservation, and not through prescription, and that the manner of use, as determining the nature of prescriptive rights, has no application. The conduct of the owner of the fee in not putting a gate across the way while the lands were not enclosed, and when such gate would have been a useless act and an unnecessary and unreasonable obstruction of the right of way, was not inconsistent with the conduct of such owner in putting the gate there when he enclosed his lands; nor did it tend to show his intention that the reservation should prevent

him from putting the gate there when he should make such enclosure of his lands for agricultural purposes, and when such gate would become necessary and proper. The gate is substantially on the line of the user, the deviation being slight, and only so much as was occasioned by the track being gullied out by water at the intersection of the highway, and, as a matter of fact, defendant in error has not materially interfered with the use of the way for the purposes of plaintiff in error. The decree will be affirmed."

Messrs. BOTSFORD & WAYNE, for the plaintiff in error :

By the reservation in the deed the way is not specifically defined as to location or width. But as the reservation states particularly what the use reserved is for, a route of reasonable width and convenience must be provided. If the evidence shows that this way was in use when the reservation was made, then, in the absence of a definite description, the manner of its then use and exercise must control. *Wynkoop* v. *Burger*, 12 Johns. 222; *Bowman* v. *Angier*, 2 Allen, 128 ; *Hadden* v. *Shoutz*, 15 Ill. 581; *Railroad Co.* v. *Koelle*, 104 id. 455 ; *Reignolds* v. *Edwards*, Willis, 282.

We must look to the situation of the parties at the time the grant was made or reserved, with a view of arriving at the true intent of the parties. *Blakeman* v. *Talbot*, 31 N. Y. 370 ; Washburn on Easements, (2d ed.) 26, 81; id. (3d ed.) 266 ; 2 Washburn on Real Prop. (3d ed.) 277.

The grantor is entitled to an open and unobstructed right of way over the old and original route, partly for the reasons already assigned, and further, because the distance by the new way is increased and the way is less accessible and convenient. *Wynkoop* v. *Burger*, 12 Johns. 221.

Every grant of a thing naturally and necessarily imports a grant of it as it actually exists, unless the contrary is provided for. *Batavia Manf. Co.* v. *Wagon Co.* 91 Ill. 200 ; *Piper* v. *Connelly*, 108 id. 646 ; *Lehndorf* v. *Cope*, 122 id.

317; *Kuecken* v. *Voltz*, 110 id. 264; *Railroad Co.* v. *Koelle*, 104 id. 455; *Leavers* v. *Cleary*, 75 id. 349; *M. E. Church* v. *Brose*, 104 id. 206; *People* v. *Murphy*, 119 id. 159; *Wilson* v. *Roots*, 119 id. 379; *Burgess* v. *Badger*, 124 id. 288.

Mr. A. B. COON, and Mr. C. P. BARNES, for the defendant in error:

We submit that the writ of error must be dismissed, as a freehold is not involved in this litigation. *Keating* v. *Hayden*, 132 Ill. 308; *Zinc Co.* v. *LaSalle*, 117 id. 411; *Kirchoff* v. *Insurance Co.* 128 id. 199; *Adkins* v. *Bean*, 135 id. 530; *Land Co.* v. *Peck*, 112 id. 432.

If a freehold is directly involved in this litigation, we insist that the writ of error must still be dismissed, as under the amendment of 1887 no writ of error lies from this court to the Appellate Court in "cases involving a franchise or freehold or the validity of a statute," but in all such cases the writ of error must be taken from this court directly to the circuit court. *Sanford* v. *Kane*, 127 Ill. 591; Hurd's Stat. 1891, sec. 25, chap. 37.

There is a clear distinction between an easement acquired by prescription, or by means of a license or reservation in a deed or other instrument in writing. 2 Washburn on Real Prop. (5th ed.) p. 353, sec. 53.

Where one grants a right of way across his land, he may shut the termini of the same by gates, which the grantee must open and close when using the same, unless an open way is expressly granted. Washburn on Easements, (2d ed.) pp. 216, 252, sec. 195; 2 Washburn on Real Prop. (5th ed.) p. 351, par. 52, and p. 354, par. 55; *Baker* v. *Frick*, 45 Md. 337; 3 Kent, 419, 420; *Maxwell* v. *McAtee*, 9 B. Mon. 21; *Bean* v. *Coleman*, 44 N. H. 539; *Garland* v. *Farber*, 47 id. 301; *Houpes* v. *Alderson*, 22 Iowa, 161; *Bakeman* v. *Talbot*, 31 N. Y. 366; *Huson* v. *Young*, 4 Lans. 63; *Connery* v. *Brooke*, 73 Pa. St. 80; *Welch* v. *Wilcox*, 101 Mass. 162; *Tudor Ice Co.* v. *Cunningham*, 8 Allen, 139; 4 Am. Law of Real Prop. (Sharswood & Budd,) 218.

Mr. JUSTICE BAKER delivered the opinion of the court:

A motion is made to dismiss this writ of error for want of jurisdiction, upon the ground that it does not appear from the record that a freehold is involved in the case. A freehold is not directly involved therein, and therefore the jurisdiction of this court cannot attach on that ground. (*Zinc Co.* v. *City of LaSalle,* 117 Ill. 411.) Nevertheless, the motion to dismiss is not well made. The case is within the residuary clause of section 8 of the Appellate Courts act, which gives the right of appeal to and the right of a writ of error from this court in the matter of the final judgments, orders or decrees of the Appellate Courts "in all other cases" not embraced in the enumeration in the preceding part of that section. (1 Starr & Curtis' Ann. Stat. chap. 37, sec. 8, p. 702; *Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 Ill. 342; *Peck* v. *Herrington,* 104 id. 88; *Chalcraft* v. *Louisville, Evansville and St. Louis Railroad Co.* 113 id. 86; *Farmers' Nat. Bank* v. *Sperling,* id. 273.) The motion is denied.

In respect to the merits of the case, we concur in and adopt what is said in the opinion of the Appellate Court. (44 Ill. App. 589.) It may, however, be well to add, in view of suggestions made in some of the briefs filed in this court, and for fear of misapprehension, that if the right of way granted or reserved in a deed is not definitely located, the practical location and use of such way, under the deed, acquiesced in at the time of the grant or reservation, and for a long time subsequent thereto, may operate as an assignment of the right, and may have the same legal effect as if the way was fully and particularly described by the terms of the deed; and that when a way is thus definitely located by usage for a considerable length of time, and is once fully established, it cannot be changed by either party without the consent of the other. See 19 Am. & Eng. Ency. of Law, p. 100, and authorities cited in notes 7 and 8; also, p. 106, and authorities cited in note 6.

In the case at bar, it is manifest that the *gist* of the
complaint is the gate that was constructed by defendant
in error.    At the time of the reservation the country was
sparsely settled.    The evidence shows that at the time
of the reservation, and thenceforward until about the
time of the commencement of this suit, the land between
the public highway and the stock water pond lay open
to commons.    It also shows that no one particular and
limited line of travel was used by either persons or stock.
As one witness expresses it, "it was all open, and we
traveled where it suited our convenience."    Plaintiff in
error says in his own testimony:    "The track was always
open.    The cattle sometimes spread out from four to six
rods.    This track is one I used in going to both pond
and wood lot.    This track made by wagons and cattle
reached to a width of three rods, and this gate is in the
track thus made, and the track was used oftener in going
to the wood lot than to the pond."    John Brink, the sur-
veyor employed by plaintiff in error, and introduced by
him as a witness, swears that where defendant in error
erected the gate the travel was from four to six rods
wide, by reason of the line being washed out, and that
they had to travel in different places.    And defendant
in error in his testimony says:    "There are three old
tracks where the road used to run.    There has been travel
in different places for thirty-five years, and another line
or track besides the one marked 'C,' directly where the
gate now is, and another marked 'B.'"    Besides this,
plaintiff in error, in his bill of complaint herein, makes
the following allegations:    "Thereafter the grantees of
said Lewis enclosed a part of the land on the south of
said pond, and had extended such enclosure northerly
until it reached near to the southerly line of said pond,
and to allow such use of said fields your orator, without
complaint, moved his line of travel over said field north-
erly, so as to give the least inconvenience to the owner

of said field, provided your orator could be as well accommodated thereby."

From an examination of the record we can not do otherwise than come to the conclusion that in the conduct and acts of defendant in error in constructing a fence around his land and in placing the gate where it is, there was nothing in conflict with the principles of law we have stated above or that was violative of the rights of plaintiff in error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*