# W. W. Goff v. George Eckert.

1. INJUNCTIONS—*Attorney Fees as Damages in Suits on the Bond.*— Where an injunction depends on the disposition of the main question in litigation, and is dissolved upon the dismissal of the bill for want of equity, upon a hearing on the merits, and no money has been expended for attorney fees solely on account of the injunction, none can be allowed as damages in a suit upon the injunction bond.

**Debt**, on an injunction bond. Appeal from the County Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

C. P. BARNES and A. B. COON, attorneys for appellant.

BOTSFORD & WAYNE and J. F. CASEY, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit in County Court based on an injunction bond given by Robert Green, complainant, as principal, with appellee as his surety, in an injunction suit wherein said Green was the complainant and appellant was respondent, filed in Circuit Court of said county May 9, 1885, and in January, 1891, the injunction was dissolved and the bill was dismissed. Green having died, the suit proceeded against appellee alone, being the survivor.

There was recovery on the bond in question in the County Court by appellant for $20.40 damages. The foundation of the judgment was $3.70 clerk's fees; sheriff's, $9.00; witness fees $7.70—recovered by appellant in the chancery suit. A. W. Cummons' reporter's fees, $10, and Chas. H. Tryon's surveyor's fees, $10, also recovered in the Circuit Court, were rejected by the County Court, and there was no interest allowed on those recovered on.

The appellant also claimed money expended for attorney's

fees in the Circuit Court, in getting the injunction dissolved and time extended by appellant in preparing suit in the Circuit Court, attorney in Appellate Court and an appeal of the chancery case from the Appellate Court, in the aggregate $300. This claim was rejected by the County Court and not allowed as damages.

The report of the chancery case will be found in 44 Ill. App. 589, and in Supreme Court, to which it was appealed and the opinion of the Appellate Court adopted, 153 Ill. 534.

The appellant's contention is that the attorney's fees should have been allowed, notwithstanding the injunction was not dissolved until the final hearing, because the suit was purely an injunction suit; citing Joslyn v. Dickerson, 71 Ill. 25, and other like cases; and Cummings v. Burleson, 78 Ill. 281, is also cited as a case in point. On the other hand, appellee insists that as to the main contention, prohibiting appellant from building a gate at the road across the right of way in contention in the chancery suit, the injunction was never in force or in operation, because the gate was built before the injunction was ordered or issued. This, we find from the evidence and reference to the case, decided in this court, to have been the case, and therefore the injunction was nugatory and the same as though never ordered by the Circuit Court. Wangelin v. Goe, 50 Ill. 459; Menard v. Hood, 68 Ill. 121; Baxter v. The Board of Trade, 83 Ill. 146. And as to the injunction against putting obstructions in the other parts of the right of way, that depended on the main question litigated, as to whether appellant was intending to do so and as to whether such right of way was located sufficiently, and as to those questions it was not decided until the main question of the location of the right of way was settled, and that no money was ever expended by appellee on account alone of the injunction for main relief; that the case was heard on its merits only. We think this contention is sustained by the authorities. Ketz v. Glos, 53 App. 485; Elder v. Sabin, 66 Ill. 126; Moriarity v. Galt, 125 Ill. 417.

Even if a portion of the attorney's fees were expended in getting the injunction dissolved, yet the evidence fails to show what portion, hence the claim should be rejected. Alexander v. Colcord, 85 Ill. 323.

We think the contention of appellee is sustained. There was no operative injunction against building the gate at the road as before stated, as it was already. built; and the amended bill, praying for the removal of all obstructions put in the right of way only, which was the gate, operated on nothing else. The main contention and gist of the litigation was as to the right of appellant to build the gate and for final decree to compel its removal. See case cited in Appellate and Supreme Court. Therefore the suit was one not purely for injunction. The appellant did not contest the right of Green to the right of way to the land, nor claim the right to fence it up or prevent its being used, as it had been traveled. Hence on final hearing the court did not deem it necessary to survey the right of way and define it, as it was not in dispute, and appellant was not proposing to shut it up; and the court holding the gate was rightfully put across the entrance of the right of way at the highway, the bill was dismissed for want of equity on the hearing.

As to attorney's fees on writ of error from Appellate to Supreme Court, there could be no right of recovery for the same reasons given, and because the injunction was not kept in force after appeal. The reporter's fees and surveyor's fees were properly rejected, as not shown to have been made exclusively on the injunction branch of the case. The parties having gone to trial without disposing of the demurrer to the second plea, the demurrer was waived, and no special objection having been taken to the form of the verdict and judgment, that point was also waived. Whether interest was allowed on the judgment is a trifling matter, and the law does not concern itself about trifles, and it is also doubtful whether witness fees were allowable. Seeing no error in the record, the judgment of the court below is affirmed.