## The People, Defendant in Error, v. E. T. Brewer, Plaintiff in Error.

1. GAMBLING—*when evidence sufficient to sustain charge of keeping gambling house.* *Held,* that the evidence in this case was sufficient to establish the charge of keeping a gambling house, contrary to the statute.

2. CRIMINAL LAW—*when jurisdiction to sentence not lost.* The taking of a motion for a new trial in a criminal case by the court under advisement, without permitting the accused to go upon his own recognizance, does not oust the court of jurisdiction to enter judgment of conviction at an ensuing term.

3. CRIMINAL LAW—*when presence of accused not essential to imposition of sentence.* Where the offense is a misdemeanor and the punishment imposed is simply a fine, the presence of the accused is not necessary at the time of entry of judgment and the imposition of sentence.

Criminal prosecution for keeping gaming house. Error to the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

C. F. MORTIMER and JOHN G. FRIEDMEYER, for plaintiff in error.

FRANK L. HATCH, for defendant in error; W. ST. J. WINES, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On March 6, 1906, plaintiff in error was convicted by a jury in the County Court of Sangamon county, of the offense of keeping a common gaming house, as charged in the second count of the information. On the following day plaintiff in error entered his motion for a new trial, and after argument on the motion, the same was taken under advisement by the court, and on March 9, 1907, the motion for a new trial was overruled. Thereafter, on May 18, 1907, during the absence of plaintiff in error, but in the presence of his counsel, the court entered judgment upon the verdict and sentenced

plaintiff in error to pay a fine of $100 and costs, and
to stand committed until such fine and costs were paid,
or the plaintiff in error discharged according to law.

It is first urged that the verdict of the jury is con-
trary to the weight of the evidence. The evidence
shows beyond controversy, and it is conceded by plaint-
iff in error, that during the time in question, gambling
was extensively carried on in a room in the second
story of a building in Ridgely (a suburb of Spring-
field), occupied by James Kelley as a saloon. While
there is no proof in the record tending to show that
plaintiff in error participated in any game for money,
the evidence is uncontroverted that he was present in
and about the room at all times during the day and
night; that he talked to persons in the room; that on
one occasion he placed a cover upon a table, arranged
the chairs for players, and procured the necessary
chips to be used in play; and that on another occasion
when one of the players remarked that he was going
on the last car plaintiff in error informed him that a
hack would be running every hour until morning. This
we think was sufficient to justify the jury in finding
that plaintiff in error was at least sufficiently aiding
and abetting the commission of the offense charged in
the second count of the information, and that he was,
therefore, guilty as a principal. Stevens v. The People,
67 Ill. 587; State v. Hildreth, 51 Am. Dec. 369, note
375.

It is next urged that as the verdict of the jury and
the motion for a new trial were entered at the Febru-
ary term, 1906, and the motion for a new trial was
taken under advisement until the February term, 1907,
when the same was overruled, and the judgment was
not entered and sentence imposed until the April term,
1907, that the court lost jurisdiction to enter said judg-
ment and impose said sentence. In support of this
contention counsel for plaintiff in error cite the cases
of People v. Allen, 155 Ill. 61, and People v. Barrett,
202 Ill. 287. In the Allen case the defendant pleaded

guilty to the charge, but judgment upon this plea was stayed, and he was permitted by the court to depart therefrom without recognizance to appear again for sentence. More than three years thereafter the case was stricken from the docket, but at the following term of the court, it was reinstated, and the defendant was sentenced to the penitentiary. It was there held that it was the duty of the courts in criminal cases "upon a conviction or plea of guilty, to pronounce judgment at that time, unless upon motion for new trial, in arrest of judgment, or for other cause, the case is continued for further adjudication, and the defendant by recognizance or being held in custody, required to continue to answer the charge, and if they fail to perform that duty, but discharge the prisoner or permit him to go indefinitely, their power and jurisdiction over him cease and a subsequent sentence is without judicial authority." In the Barrett case the defendant, after his conviction, moved for a new trial, and on his motion the cause was continued until the next term, which began the second day following, and he was permitted to depart from the court on his own recognizance. No further steps were taken in the case for two years and five months, when the motion for new trial was overruled and the defendant was sentenced to the penitentiary.

In the case at bar plaintiff in error on July 3, 1905, entered into recognizance with sureties conditioned as provided in paragraph 297 of the Criminal Code. Hurd's Stat. 1905, 733. That recognizance was never released, and the record does not disclose any action by the court staying proceedings, or permitting plaintiff in error to depart from the court upon his own recognizance or otherwise. This case is, therefore, distinguishable from the cases cited.

When the motion for a new trial was entered by plaintiff in error at the February term, 1906, and no action taken thereon at that term the case stood continued until the next term of the court in accordance with the provision of paragraph 56, chapter 37, Hurd's

Stat. 1905. The delay in entering judgment and imposing sentence from the February term, 1907, when motion for a new trial was overruled, until the April term following, we do not regard as so unreasonable as to oust the court of jurisdiction to enter judgment and impose sentence. The practice, however, of delaying action by the court upon a motion for a new trial and in entering judgment and imposing sentence after conviction, as was done in this case, is not conducive to the wholesome administration of justice and should be discouraged.

The offense being a misdemeanor and the punishment imposed by the court being a fine only, the presence of the defendant was not necessary at the time judgment was entered and sentence imposed. Harris v. People, 130 Ill. 457. The judgment of imprisonment for failure to pay the fine and costs was not imposed as a penalty for the offense of which plaintiff in error was convicted, but was a mere incident to the fine, for the purpose of enforcing its payment.

We find no reversible error in the record and the judgment will be affirmed.

*Affirmed.*