FRANK T. ROLOSON, State's Attorney, Appellee, *vs.* JAMES
F. BARNETT, Appellant.

*Opinion filed December 22, 1909.* ·

1. APPEALS AND ERRORS—*when freehold is involved in highway
case.* Where the dispute in a road obstruction case is whether the
public has a perpetual easement for. a highway over certain land
a freehold is involved, and the Supreme Court has jurisdiction of
a direct appeal.

2. INJUNCTION—*equity has jurisdiction to restrain public nui-
sance.* A court of equity has jurisdiction to restrain a public.
nuisance, either at the suit of one who suffers a special injury
aside from the injury to the public, or at the suit of the Attorney
General, State's attorney or other authority representing the public.

3. SAME—*it is a public nuisance to obstruct or encroach upon
a highway—remedy by injunction.* Under paragraph 5 of sec-
tion 221, division 1, of the Criminal Code, it is a public nuisance
to obstruct or encroach upon a public highway; but the remedy
by injunction in such cases will be exercised with great caution,
and only in extreme cases will it be granted until after the right
has been settled at law. (*Metropolitan City Railway Co.* v. *City
of Chicago,* 96 Ill. 620, explained.)

4. SAME—*if public travel will be stopped, a resort to equity is
proper.* If an injury of a public nature is threatened by shutting
up a highway, whereby public travel will be interrupted, a resort
to equity is proper since the remedy is more effectual than the
remedy at law, and an injunction will be granted at the instance
of a public officer upon a clear showing that there will be an in-
vasion of the public right. ·

5. SAME—*mere fact that a suit is brought by State's attorney
does not conclusively establish jurisdiction.* The mere fact that a
suit to enjoin the building of a fence within the alleged limits of
a highway is brought by the State's attorney on behalf of the
highway commissioners does not conclusively establish the right
of the court to entertain the suit without regard to whether there
is a controversy as to the existence of the public easement, which
has not been determined at law.

6. SAME—*when party is not deprived of substantial rights by
equity assuming jurisdiction.* If the facts are admitted and there
is only a question of law as to the public right, or if the facts are
so clearly proved that no different conclusion could be reached
than that the public right exists and an injury thereto is threat-
ened, the defendant is not deprived of any substantial right by a

court of equity assuming jurisdiction, since such circumstances would require a court of law to direct the verdict.

7. SAME—*when equity should not entertain bill to restrain the building of a fence.* Where the owner of land adjoining a public highway claims the right to build a fence within the alleged limits of the highway but upon a portion thereof which is overgrown with underbrush and has never been used as a traveled road, the highway authorities have an adequate remedy at law, and equity will not interpose to enjoin the building of the fence before the rights of the parties are determined at law.

APPEAL from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

JAMES W. & EDWARD C. CRAIG, (W. W. REEVES, and J. M. NEWMAN, of counsel,) for appellant.

ECKHART & MOORE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, State's attorney of Douglas county, filed the bill in this case in the circuit court of said county in behalf of the People and on the relation of the commissioners of highways of the town of Bowdre, against the appellant, James F. Barnett, praying the court to enjoin the defendant from building, constructing or replacing a fence along a public highway adjoining his seventeen-acre tract of land on the west, on a line alleged to encroach upon the highway fourteen feet at the north end and eleven feet at the south end. The bill alleged that when the highway was laid out John Seipp owned a quarter section, including the land now owned by the defendant, but that he gave the right of way for the entire road, and that for more than twenty years the strip of land in dispute, fourteen feet wide at the north end and eleven feet wide at the south end, had been used as a public highway. The defendant answered, admitting that there was a public highway run-

ning along the west side of his land, but denied that it was of the width alleged by the complainant or that the fence which he had constructed and which had been removed by the commissioners of highways was in the highway. The issues were referred to the master in chancery, who reported that the suit was between the commissioners of highways on one side and the defendant on the other to test the question whether the strip of land had been dedicated as a highway; that no irreparable damage to the public would ensue; that the defendant was not insolvent; that a court of equity had no jurisdiction on the theory of preventing a multiplicity of suits, and that the complainant had a complete and adequate remedy at law. He therefore concluded that the court had no jurisdiction and recommended that the bill 'be dismissed for want of equity. The cause was heard by the chancellor on exceptions to the report, and the jurisdiction of a court of equity was sustained and a decree was entered making perpetual a temporary injunction which had been granted. From that decree this appeal was prosecuted.

The appeal was properly taken to this court because a freehold was involved. Where the dispute is whether the public has a perpetual easement for a highway over certain land, which is the question here, a freehold is involved and this court has jurisdiction of a direct appeal. *Town of Audubon* v. *Hand,* 223 Ill. 367.

A court of equity has jurisdiction to restrain a public nuisance either on the application of one who suffers a personal injury aside from the injury to the public, or on the application of the Attorney General, State's attorney or other authority representing the public, and by paragraph 5 of section 221, division 1, of the Criminal Code, which is declaratory of the common law, it is a public nuisance to obstruct or encroach upon a public highway. The remedy by injunction, however, is exercised with great caution in any case, and only in extreme cases until after the right

has been first settled at law. (29 Cyc. 1221.) The theory of counsel for the State's attorney is that equity will take jurisdiction because the bill was filed by him on behalf of the public, and will not consider the question whether there is a controversy as to the existence of the public easement, which must ordinarily be settled by a prosecution or in an action at law. The suit is, in fact, between the commissioners of highways, on whose relation it was instituted, and defendant below, and they would have had a right to bring it in their own names; but whether the complainant is an individual injured in some special manner different from the public at large, or an Attorney General or State's attorney, his rights are not substantially different. It is no more just or proper for a court of equity to deprive a citizen of his right to a trial by jury at the instance of the State or a public official than on the application of an individual, and the jurisdiction will not be exercised where the object sought can be as well attained in the ordinary tribunals at law. (High on Injunction, sec. 521; 3 Pomeroy's Eq. Jur. sec. 1349.) Where an injury of a public nature is threatened by shutting up a highway, whereby the public travel will be interrupted, a resort to equity is proper, since the remedy is more effectual than the remedy at law, and an injunction will be granted at the instance of a public officer upon a clear showing that there will be an invasion of the public right. (21 Am. & Eng. Ency. of Law,— 2d ed.—705.) The facts must be clearly shown, but if they are admitted and there is only a question of law as to the right, or if they are so clearly proved that no different conclusion could be reached than that the public right exists and the injury is threatened, a party is not deprived of any substantial right by a court of equity assuming jurisdiction. If the facts proved are such that a jury could not find otherwise, the court, in an action at law, would direct the verdict, and if that is so there is no reason for requiring the right to be settled at law. That was the case in *Peo-*

*ple* v. *City of St. Louis,* 5 Gilm. 351, with respect to obstructing a channel in the Mississippi river between Bloody Island and the main land by depositing rock in it. There was no dispute as to the facts, and it was admitted that the object was to entirely obstruct that channel, so that the question was whether the work would amount to a nuisance. The court, however, said that it must not be understood that a court of equity will in all cases, even of public nuisance, interpose its extraordinary powers, for if the ordinary courts of law are equal to the emergency, redress must there be sought. In that case the nuisance could never be abated and the public right in the channel could never again be enjoyed. So, also, in *Craig* v. *People,* 47 Ill. 487, the remedy at law was held to be not only tardy but wholly inadequate, since the obstruction of the plank-road would entirely obstruct and prevent travel between settled portions of the country. Where the alleged nuisance consists in the obstruction of a street, there is, unless in rare and exceptional cases, a complete remedy at law, where the right must first be established. (*Dunning* v. *City of Aurora,* 40 Ill. 481.) The decision in that case was said by the court in *Metropolitan City Railway Co.* v. *City of Chicago,* 96 Ill. 620, not to be out of harmony with the decision in the latter case, which is much relied upon by counsel for the State's attorney. In that case there was no dispute as to the existence of the public street, and the question whether the railway tracks would be a nuisance depended upon whether authority had been given to lay them down in the street. The damage would be irreparable, and the railway company was enjoined from laying down the tracks and operating cars by virtue of a void ordinance. In the case of *Smith* v. *McDowell,* 148 Ill. 51, all the material allegations of the bill were admitted, and there was no dispute either as to the existence of the street or the attempt to vacate a portion of it. A question of law, only, was involved, and there was no fact to be established

before a court of equity would interpose to prevent the threatened wrong.

The highway adjoining the defendant's land on the west was laid out by order of the county commissioner's court of Coles county, of which Douglas county was a part, in the year 1833, from Charleston north-west to an Indian trading post, and was described by stakes, fence corners, trees and a trading house, and it was of the width of thirty-five feet. A witness for the complainant testified that in the spring of 1865 John Seipp, who then owned the premises on the east side of the road, including the defendant's tract of seventeen acres, set out a hedge for a fence fourteen feet east of a rail fence at the north end and eleven feet east at the south end, and then stated to the witness, "When the country settles up the people will need this wide a road." The rail fence remained where it was, on the line claimed by the defendant, until it rotted down or was removed at a time which is in dispute. The theory of the complainant was, that the setting out of the hedge and the declaration of Seipp that the public would need a road that width some time in the future when the country was settled up constituted a dedication and that the fence was left to protect the hedge. The law allowed a fence to be set in the road six feet for the protection of a hedge fence, but not eleven feet or fourteen. The space in dispute between the rail fence and hedge has been grown up with brush, gooseberry bushes and weeds and has never been a part of the traveled road. The defendant has removed the hedge and built a fence on the line of the old rail fence, which has been removed by the commissioners. A fence on that line would not interfere with public travel or cause irreparable damage, and it is quite plain from the evidence that the case is not one for the interposition of a court of equity by injunction.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*