THE PEOPLE *ex rel.* J. F. Gillham, Defendant in Error, *vs.* PARKER J. ARCHIBALD *et al.* Plaintiffs in Error.

*Opinion filed April 19, 1913.*

1. NUISANCES—*abatement of a nuisance is no part of the punishment for maintaining it.* The abatement of a nuisance at the expense of the defendant convicted of maintaining the same, as authorized by section 222 of the Criminal Code, is no part of the punishment for the misdemeanor of maintaining the nuisance, and it is therefore proper to prosecute such misdemeanor by an information.

2. SAME—*agents of corporation who aid in maintaining a nuisance are liable as principals.* If the business of a corporation is so carried on as to constitute the maintaining of a nuisance, the agents of the corporation who perform the acts constituting the offense are guilty of the misdemeanor equally with the corporation, as there is no agency in crime, and all persons who aid, abet or assist in the commission of a misdemeanor are guilty as principals.

3. INSTRUCTIONS—*when it is not error to modify instruction in prosecution for maintaining nuisance.* In a prosecution for maintaining a nuisance, where an instruction is asked authorizing the jury to take into consideration the location of the plant of the defendant corporation, "whether convenient or not," the management and manner in which the plant was operated and run, etc., it is not error to strike out the words "whether convenient or not," as they are indefinite and misleading as so used.

4. SAME—*defendants who testify have a right to have a proper instruction given as to weighing their testimony.* In a prosecution for a misdemeanor, defendants who testify in their own behalf are entitled to have given a proper instruction presented by them directing the jury to judge their testimony by the same rules as apply to the testimony of other witnesses and not to reject it merely because they are defendants.

WRIT OF ERROR to the County Court of Madison county; the Hon. J. P. STREUBER, Judge, presiding.

C. E. POPE, for plaintiffs in error.

P. J. LUCEY, Attorney General, JAMES N. BANDY, State's Attorney, and GEORGE P. RAMSEY, (C. H. BURTON, and J. F. GILLHAM, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error were convicted in the county court of Madison county on the seven counts of an information charging them with maintaining a nuisance, were fined $25 on each count, and have sued out a writ of error to reverse the judgment. They claim that under section 8 of article 2 of the constitution a prosecution for this offense cannot be carried on by information but only by indictment, because, in addition to fine and imprisonment in the county jail, the statute authorizes the court in which a conviction is had, if a court of record, to order the nuisance abated by the sheriff at the expense of the defendant. It is urged that this abatement of the nuisance at the defendant's expense is a punishment additional to fine and imprisonment in the county jail, and the case is therefore one which can be prosecuted only by indictment, in accordance with the decision in the case of *People* v. *Russell,* 245 Ill. 268.

Section 221 of the Criminal Code enumerates certain acts which are declared to be public nuisances. Section 222 provides that "whoever causes, erects or continues any such nuisance shall, for the first offense, be fined not exceeding $100, and for a subsequent offense shall be fined in a like amount, and confined in the county jail not exceeding three months. Every such nuisance, when a conviction therefor is had in a court of record, may, by order of the court be-

fore which the conviction is had, be abated by the sheriff or other proper officer, at the expense of the defendant, and it shall be no defense to any proceeding under this section, that the nuisance is erected or continued by virtue or permission of any law of this State."

The abatement of the nuisance is no part of the punishment for the misdemeanor of causing or continuing it. It is not punishment of a past offense to prohibit its repetition. An indictment lies for creating or maintaining a public nuisance, but this is not the only remedy. A court of equity has also jurisdiction to restrain a public nuisance on the application of the People, through the State's attorney or the Attorney General. (*Roloson* v. *Barnett*, 243 Ill. 130.) These two forms of proceeding are distinct though each seeks the abatement of the nuisance,—one by the punishment of the person creating or maintaining it, the other by directly compelling its abatement. The same proof which will justify conviction on the indictment will justify a decree abating the nuisance in the equity case. If the defendant has been found guilty on the indictment there is no reason why the People should be driven to another proceeding, by bill in equity, to directly abate the nuisance. The last sentence of section 222 therefore authorizes the court, in a proper case, to grant the civil remedy, which might be obtained by a bill for an injunction whenever a conviction for the misdemeanor has been had. No penalty is thereby imposed upon the defendant, but relief which might be obtained by a suit of a civil nature is granted against a condition injurious to the public without the necessity of another hearing of the same issue between the same parties, on the same evidence. The punishment for the nuisance is a fine for the first offense and a fine and imprisonment for a subsequent offense. But before or after or contemporaneously with the criminal prosecution the nuisance may be abated, and this has nothing to do with the defendant's punishment. The punishment has reference to the act of

258 – 25

the defendant in maintaining the nuisance; the order of abatement to the condition at the time of rendering judgment. The county court had jurisdiction of the case.

The insufficiency of the evidence to justify the conviction is argued, but since the judgment must be reversed for error in refusing an instruction we shall not discuss the evidence or express any opinion as to its weight.

Various counts of the information charge the defendants with using a certain building, and place adjacent thereto, for manufacture for the purpose of converting offal, filth and noisome substances and animal matter into fertilizer, grease and other products by means of chemical, mechanical and other processes, thereby occasioning noxious exhalations and smells, offensive and dangerous to health, etc. Defendants were employees of the Great Western Chemical Corporation, a Missouri corporation, which erected a plant near Stallings, in Madison county, for the purpose of reducing garbage, consisting of table and kitchen waste collected in the city of St. Louis, and it is from the garbage thus collected and the processes of reduction that the offensive odors constituting the nuisance are said to arise. It is argued that it is the Great Western Chemical Corporation, only, that uses the plant, and that it, alone, can be prosecuted for the nuisance, if a nuisance is created by such use. Archibald was the general superintendent of the corporation, Floyd a foreman, and the prosecution claimed that Mayer was a director. The corporation could act only through its officers, agents and employees, but it could not authorize them to violate the criminal law of the State without responsibility for their acts. There is no agency in crime. All persons who aid, abet or assist in the commission of a misdemeanor are guilty as principals. One, in charge of a gaming room, though only an employee of the owner, having no interest in the business or its profits, may be convicted as the keeper. (*Stevens* v. *People,* 67 Ill. 587.) The corporation may have been the principal of-

fender if an offense was committed, but its agents by whom the acts constituting the offense were done must be regarded as equally guilty.

Objection is made to the tenth instruction given for the prosecution. It defined an accessory. Since the defendants were claiming that the corporation, alone, was guilty if there was any guilt, the instruction was properly given.

It is objected to the first five instructions given for the State that they assume certain facts. The instructions are hypothetical in form, but they are not well drawn and there is some ground for the criticism made upon them. This objection can be obviated on another trial.

The twelfth instruction offered by the plaintiffs in error told the jury that in determining whether the defendants were guilty or not, the jury must take into consideration the location of the plant of the Great Western Chemical Corporation, whether convenient or not, the management and manner in which the plant was operated and run, and the effect which was produced upon the neighborhood, etc. The court struck out the words "whether convenient or not" and gave the instruction as modified. It is insisted by plaintiffs in error that this modification is error. The expression "whether convenient or not" is so indefinite that the jury could not tell whether it refers to the location in a thinly settled country, or with reference to convenience in securing garbage, or with reference to the railroad and interurban lines, or otherwise. In the case of Seacord v. People, 121 Ill. 623, where the court, in its opinion, uses the expression, it appears to be in the sense of "suitable under all the facts and circumstances." Its use in the instruction as offered was misleading and the modification was proper.

Two of the defendants testified in their own behalf and their testimony was material to their defense. The court was asked, and refused, to give to the jury the following instruction:

"The defendants in this case are competent witnesses in their own behalf, and you have no right to discredit their testimony from caprice or merely because they are the defendants. You are to treat them the same as any other witnesses, and subject them to the same tests, and only the same tests, as are legally applied to other witnesses, and while you have the right to take into consideration the interest they may have in the result of this trial, you have also the right, and it is your duty, to take into consideration the fact, if such is the fact, that they have been corroborated by other credible evidence."

The only other instruction in regard to the credit to be given to the testimony of the defendants told the jury that they "are the sole judges of the weight to be given to the testimony of the defendants who testified in this case, and that in judging of the weight to be given to their testimony the jury have a right to consider the reasonableness of their testimony and the interest they have in the result of the case." The defendants had a right to have the jury instructed by the court to judge their testimony as witnesses by the same rules as that of other witnesses and not to reject it merely because they were defendants. The instruction stated a correct rule, and it was error not to give it when requested. *McElroy* v. *People,* 202 Ill. 473.

It was not error to refuse the other instructions that were refused. The principles contained in them which were applicable to the case were contained in the instructions which were given to the jury.

For the error in refusing the instruction in regard to the testimony of the defendants the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*