(No. 10994.—Cause transferred.)
THE TOWN OF MANTENO, Appellant, *vs.* ALBERT SURPRE-
NANT, Appellee.

*Opinion filed February 21, 1917.*

FREEHOLD—*when a freehold is not involved.* A demurrer to a bill to compel the removal of fences from an alleged public highway admits the allegation of the bill that the *locus in quo* is a public highway, and no freehold is therefore involved on an appeal from a decree sustaining the demurrer and dismissing the bill, and if the only questions raised on the appeal are whether the bill states sufficient facts for a court of equity to entertain jurisdiction or whether the remedy is at law the cause must be transferred.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

J. BERT. MILLER, for appellant.

SAVARY & RUEL, and GRANGER, DOUGHERTY & NOURIE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The town of Manteno, appellant, by Moses Dupuis, V. E. Reedy and William Staffenberg, commissioners of highways of said town, filed a bill in the circuit court of Kankakee county against appellee to compel him to remove some fences alleged to have been unlawfully placed in a public highway by him, and also for the recovery of a statutory penalty of three dollars per day against him for suffering said alleged obstruction to remain upon the public highway after an order to remove the same had been given to him by the said commissioners, as provided by the Road and Bridge act. A general demurrer was filed to the bill, and the same was sustained by the court and the bill dismissed for want of equity. Appellant brings the record direct to this court for review.

The bill alleged the existence of a public highway and that the appellee had encroached thereon by erecting fences longitudinally within the limits of said highway; that in a proceeding before a police magistrate for the recovery of a penalty under the Road and Bridge act; in which the same parties were complainant and defendant as in this suit and in which the subject matter of the suit was identical with the subject matter involved in the present case, appellee admitted that he knew when he built the fences that he was building the same in the highway. The demurrer admitted all the facts well pleaded, and as the existence of the public highway was a necessary averment the demurrer admitted that fact. Had issue been joined on that necessary averment by an answer denying the existence of the public highway a freehold would have been involved and the appeal have been properly brought to this court. (*Roloson* v. *Barnett,* 243 Ill. 130.) This court has held, however, that a decree dismissing a bill to enjoin an obstruction of an easement where the existence of the right of way is admitted and the sole question is whether the obstruction is an unlawful interference of said right of way, no freehold is involved. (*Green* v. *Goff,* 153 Ill. 534.) There was no freehold involved in the lower court and there is no question involved or argued on this appeal that raises such question or any other question that would give this court jurisdiction of the appeal. The questions argued *pro* and *con* in this court by the parties are whether or not the bill states a sufficient cause of action in equity. The argument of appellee is that the remedy of appellant is at law, while appellant argues that the bill states sufficient facts to cause a court of equity to entertain jurisdiction.

This court has no jurisdiction of this appeal, and the cause is transferred to the Appellate Court for the Second District.                                    *Cause transferred.*