Thomas McCue, Appellant, v. Kathryn E. Berge, Appellee.

Gen. No. 9,888.

Opinion filed August 19, 1943.

SHELDON & BROWN, of Sterling, for appellant.

ROBERT W. BESSE and KENNARD J. BESSE, both of Sterling, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

The plaintiff, Thomas McCue, filed a complaint in the circuit court of Whiteside county, alleging that he was commissioner of highways and that prior to his term, his father had been commissioner of highways for many years; that for more than 40 years the east 40 feet of Lot 1 in the southwest quarter of section 20–21–7 from the south line north 5.97 chains and the east 20 feet north thereof had been reserved for and used as a public road; that for more than 20 years the commissioner of highways had improved said strip for public travel and it has been used extensively by the public; that although the defendants have no right or title to said strip they have assumed to exercise and assert a claim of ownership or control over said strip constituting one of the public roads of the town of Sterling, and have placed obstructions in the road which the plaintiff has been required to move; that said obstructions interfere with public travel and with the maintenance and improvement of said road and are a menace to the safety and life of those who lawfully use said public road.

Plaintiff prays that the court enter a decree enjoining the defendants from asserting any title to said public road and from placing any obstructions thereon, or from in any way or manner impairing or damaging said public road or from interfering with the plaintiff in repairing, maintaining or widening said public road.

The defendants answered admitting that the plaintiff is and his father had been highway commissioner, but denied the other allegations of the complaint.

Defendants set up special defenses in which they claimed that in a deed from Martins to Stanley in 1908, the grantor reserved a strip 20 feet in width along the east line of Lot 1 for a public street, and that in a deed from Stanley to Hoover in 1910 Stanley

reserved the west 30 feet of the east 40 feet of the south part of Lot 1, and a 20 foot strip north of the 40 foot strip for a public highway; that there has been no acceptance by the public or any other qualified authority to said proposed dedication; that only a narrow strip of land 16 feet in width has ever been used for a public street and that all of the other land has been used by defendants and predecessors, in title, as a part of their property; that in 1936 the Martin Estates conveyed the south part of Lot 1 to Kathryn E. Berge, but the deed contained no reservations for road; that William H. Stanley has conveyed by quitclaim deed to Kathryn E. Berge all of his right, title and interest in Lot 1; that the defendant, Kathryn E. Berge, owns in fee simple the land described in the complaint, and that the plaintiff has no right, title or interest in the title which he seeks to quiet in himself as commissioner of highways.

The plaintiff filed a reply to the special defenses and admitted the deeds, but denied the allegation that there has been no acceptance of the road, also denied that Kathryn E. Berge owned in fee simple the land described in the complaint.

The case was tried before the court without a jury. The court found the issues in favor of the defendant, Kathryn E. Berge. A decree was entered according to the findings of court, and the case was dismissed for want of equity. It is from this decree that the commissioner of highways has prosecuted this appeal. Both appellant and appellee have filed briefs in this court. The appellee claims that a freehold is involved in this litigation and therefore the Appellate Court has no jurisdiction of the subject matter of the suit, and that the case should be transferred to the Supreme Court.

In the case of *Roloson v. Barnett,* 243 Ill. 130, the facts are practically the same as in the case that we have under consideration. The court in its opinion,

used this language: ''The appeal was properly taken to this court because a freehold was involved. Where the dispute is whether the public has a perpetual easement for a highway over certain land, which is the question here, a freehold is involved and this court has jurisdiction of a direct appeal. *Town of Audubon v. Hand*, 223 Ill. 367.'' To the same effect is *Taylor v. Pierce*, 174 Ill. 9. The first syllabus is as follows: ''Appeal from decree establishing legal existence of highway involves a freehold. A public highway is a perpetual easement, and an appeal which raises the material question of the existence or non-existence of such highway involves a freehold.'' To the same effect is the case of the *Town of Manteno v. Surprenant*, 277 Ill. 181.

It is our opinion that a freehold is involved in this suit, and the cause is hereby transferred to the Supreme Court of the State of Illinois.